THE STATE OF OHIO, INDUSTRIAL COMMISSION, APPELLANT,
*v.* AMERICAN DYNAMIC AGENCY, INC., APPELLEE;
TESTA, APPELLANT.

(No. 81-1049—Decided May 5, 1982.)

42

*Mr. William J. Brown,* attorney general, and *Mr. Bradley J. Finn,* for appellant Industrial Commission.

*Mr. Fred J. Milligan, Jr.,* for appellee.

*Messrs. Perry & Boyuk, Mr. James M. Cutter* and *Mr. William K. Root,* for appellant Testa.

LOCHER, J. The case at bar presents a single legal question: May a noncomplying employer, as defined in R. C. 4123.75, who has failed to appeal an order of the Industrial Commission, relitigate in an action brought by the Attorney General under the statute any and all issues which might have been raised on appeal? Appellant Industrial Commission contends that a noncomplying employer may only, as a defense to the action, assert the fact that he had paid the requisite premiums into the state insurance fund and was, indeed, in compliance with the state's workers' compensation strictures. We must disagree with such a restrictive reading of R. C. 4123.75.

R. C. 4123.75, which pertains to claims against a noncomplying employer, was amended in 1977 to include the following language: "Appeals and payment in a contested claim are governed by the provisions of Chapter 4123 of the Revised Code that generally govern appeals to a regional board of review, the industrial commission, and the courts. * * * ." (136 Ohio Laws 1075, 1171.) It is undisputed herein that the amendment did effect a change in the law which guaranteed noncomplying employers the right to appeal, pursuant to R. C. 4123.519, a commission order to the appropriate Court of Common Pleas.

Until the amendment, a noncomplying employer could only challenge an adverse commission decision in an action instituted by the Attorney General under R. C. 4123.75 to compel the employer to pay the award which the commission ordered. Indeed, if any doubt existed as to the direct effect of the amendment, such uncertainty would be dispelled by the Legislative Service Commission's Report on the bill containing the amendment. In its analysis of the bill, the Legislative Service Commission wrote, in pertinent part: " * * * The bill deletes from current law the appeals procedures for a noncomplying employer and stipulates that appeals concerning payments in a contested claim with a noncomplying employer be governed by the provisions for any other disputed claims. It would be first heard by a district hearing officer, then a

regional board of review, the Industrial Commission and ultimately the courts."[3]

R. C. 4123.75, as has been stated above, authorizes the Attorney General to institute an action against a noncomplying employer to secure his payment to the commission of monies expended from the commission's surplus fund to a claimant found to be employed by him. This section reads, in pertinent part: " * * * In such action it shall be sufficient for plaintiff to set forth a copy of the record of proceedings of the commission relative to such claims as certified by the commission to the attorney general * * * . A certified copy of such record of proceedings in such claim shall be attached to the complaint and constitutes prima-facie evidence of the truth of the facts therein contained. * * * "

This court has consistently interpreted the language of R. C. 4123.75 to create in the facts contained in the certified record of the proceedings before the commission a rebuttable presumption of truth. As we held in *State* v. *Russo* (1951), 155 Ohio St. 341, 344, "Under the provisions of Section 1465-74, General Code [R. C. 4123.75], *supra,* the certified copy of the record of the proceedings before the Industrial Commission constitutes prima facie evidence of the facts on which the state relies. Standing alone and unrebutted this certified copy would sustain a verdict and judgment in favor of the state. However, this presumption is rebuttable * * * ."

Although the Industrial Commission urges that the true intent of the General Assembly in amending R. C. 4123.75 may be effectuated solely by making the fact, established in the commission's proceedings, of the employer's non-compliance alone rebuttable in an action by the Attorney General, no evidence exists to support such a contention. The statute clearly draws no distinctions as to which facts contained in the record are to be treated as conclusive presumptions and which are to be treated as rebuttable. Nowhere reflected in the statute is there any attempt on the part of the General Assembly to restrict the defenses which the non-

---

[3] As to the value of Legislative Service Commission analyses, we have observed: " * * * Although this court is not bound by such analyses, we may refer to them when we find them helpful and objective. * * * " *Meeks* v. *Papadopulos* (1980), 62 Ohio St. 2d 187, 191.

complying employer may assert or the facts which he may challenge in the Attorney General's action. No fact, contained in the record of the commission's proceedings, is immune from disputation.

R. C. 4123.75, as it pertains to the role of the certified record of the commission's proceedings in an action instituted by the Attorney General, is not ambiguous. Thus, it is not our duty to employ, as the commission would have us do, the tools of statutory construction to divine the meaning of the statute, for, as we stated in paragraph five of the syllabus in *Sears* v. *Weimer* (1944), 143 Ohio St. 312: "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." See, also, *Carmelite Sisters, St. Rita's Home* v. *Bd. of Review* (1969), 18 Ohio St. 2d 41, 46; *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106; *Board of Edn.* v. *Fulton County Budget Comm.* (1975), 41 Ohio St. 2d 147, 156.

In amending R. C. 4123.75, the General Assembly could have denied a noncomplying employer the right to assert the noncompensability of an injury as a defense in either his appeal under R. C. 4123.519 or in the action brought by the Attorney General. As is patently clear from the amended language of the statute, however, the General Assembly did not do so. We must presume that the General Assembly intended the results of its actions.

We recognize that our holding in the instant cause grants a noncomplying employer an opportunity to dispute the merits of a workers' compensation claim superior to that presently afforded an employer who has paid the required insurance premiums. This result, however, is mandated by the statute and may only be altered by subsequent legislative action.

Accordingly, for the reasons stated above, we must affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

SWEENEY, Acting C. J., STEPHENSON, VICTOR, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.