In re JOHNS–MANVILLE
CORPORATION, et al.,
Debtors.

Peter John ROBINSON, Appellant,

v.

Leon SILVERMAN, Esq., the legal
representative for future
claimants, Appellee.

No. 82B1169 (RWS).

United States District Court,
S.D. New York.

Feb. 13, 1985.

## OPINION

SWEET, District Judge.

Leon Silverman ("Silverman"), the court-appointed Legal Representative for Future Claimants ("Legal Representative") in the Johns-Manville bankruptcy proceeding, moves this court to dismiss the appeal of Peter John Robinson ("Robinson") from an interlocutory decision of Bankruptcy Judge Burton R. Lifland denying Robinson's motion to disqualify the Legal Representative's counsel. The motion is granted.

**Prior Proceedings**

This is yet another case arising out of the reorganization of Johns-Manville Corporation ("Manville") under Chapter 11 of the Bankruptcy Code. By order dated August 14, 1984, the Bankruptcy Court appointed Leon Silverman, a member of the law firm of Fried, Frank, Harris, Shriver & Jacobson ("Fried, Frank") as Legal Representative to represent the interests of persons exposed to Manville's asbestos who have not yet manifested asbestos-related diseases. On the same day the Bankruptcy Court approved the motion of the Legal Representative to appoint Fried, Frank as his counsel. Robinson, a "future claimant" as that term was defined by the Bankruptcy Court, and other interested parties, subsequently appealed the appointment of the

Legal Representative. Manville's motion to dismiss the appeal as an appeal from an interlocutory ruling was denied by the Honorable Robert L. Carter in the Southern District on December 7, 1984 because it presented controlling questions of law as to the propriety of the appointment of the Legal Representative. 45 B.R. 833.

On November 7, 1984 Robinson also filed a motion in the Bankruptcy Court to have Fried, Frank disqualified as counsel to the Legal Representative for a conflict of interest, or, alternatively, to be allowed any discovery necessary to provide further evidence in support of the motion. On December 4, 1984 at the conclusion of a hearing, Judge Lifland denied the motion and Robinson subsequently filed an appeal of that ruling in this court. The Legal Representative has now moved to dismiss the appeal.

**Discussion**

The Legal Representative maintains that Robinson's appeal should be dismissed because no appeal as of right may be taken for a denial of an attorney disqualification motion, and leave to appeal is unwarranted. In response, Robinson asserts, first, that the order is appealable as of right under the "collateral order" doctrine and, second, that in any event the circumstances are such that there are compelling reasons to grant leave to appeal.

**Appeal as of Right**

■ Appeals as of right from the Bankruptcy Court to the District Court are governed by 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a), both of which provide that only "final orders" are appealable as of right. Robinson does not contest that the order at issue is interlocutory rather than final. However, he maintains that the order may be appealed under the "collateral order" doctrine, under which matters of a type which might ordinarily be considered interlocutory are deemed to be sufficiently final to be appealable as of right. *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The doctrine permits review of a small class of orders which are finally dispositive of a collateral issue and which are sufficiently

independent of the main cause of action, if they are effectively unreviewable on appeal from a final judgment. To come within the exception from the final judgment rule under *Cohen*, the order appealed from must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be incapable of realistic review on appeal at the conclusion of the underlying case. *Id.* at 546, 69 S.Ct. at 1225.

In *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court held that an order denying a motion to disqualify counsel is not appealable under the "collateral order" doctrine prior to final judgment in the litigation. The Court noted:

> The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.... As the Second Circuit has recently observed, the potential harm that might be caused by requiring that a party await final judgment before it may appeal even when the denial of its disqualification motion was erroneous does not "diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous, such as orders requiring discovery over a work-product objection or orders denying motions for recusal of the trial judge." *Armstrong v. McAlpin*, 625 F.2d 433, 438 (1980), *cert. pending*, No. 80–431. But interlocutory orders are not appealable "on the mere ground that they may be erroneous." *Will v. United States*, 389 U.S. 90, 98, n. 6 [88 S.Ct. 269, 275, n. 6, 19 L.Ed.2d 305] (1967).

449 U.S. at 377–78, 101 S.Ct. at 675.

■ Robinson contends, however, that the *Risjord* decision should not control because this represents one of the rare cases in which the order could not effectively be reviewed following judgment on the merits.

He alleges that because of the probable complexity of the bankruptcy court's final order, the issue presented here will not receive attention. In addition, he suggests that he may be irreparably harmed if this appeal is not allowed at this time since he may not have counsel available at the conclusion of the litigation. However, the *"rare cases"* envisioned by the *Risjord* court involved situations such as the denial of a right to bail where the legal and practical value of the right would be destroyed if it were not vindicated before trial. 449 U.S. at 368, 101 S.Ct. at 669. This is not such a case. Robinson's claim will not be lost between now and the conclusion of litigation and may be reviewed at that time along with all other interlocutory orders. This argument that the complexity of the Manville case mandates different treatment of the disqualification order cannot be sustained in light of the fact that the *Risjord* case involved a multiple party multidistrict products liability action.

In addition, the irreparable harm that Robinson alleges he would suffer through loss of counsel is too attenuated to require intermediate review. This is not a situation where a litigant seeking to have the disqualification of his own counsel reviewed would be unable to proceed with the litigation otherwise. *See, e.g., Armstrong v. McAlpin*, 625 F.2d 433 (2d Cir.), *vacated on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1980). Robinson is therefore not entitled to an appeal as of right under the "collateral order" doctrine.

**Leave to Appeal**

Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees of bankruptcy judges under section 157 of this title.

.    .    .    .    .

(c) an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. . . .

*See also* Bankruptcy Rule 8001(b).

Neither the Code nor the Rules establish specific criteria for determining whether leave to appeal an interlocutory order should be granted. However, courts dealing with the issue of interlocutory appeals in bankruptcy cases have consistently held that "[o]nly when 'exceptional' circumstances exist will a court entertain appeal of an interlocutory order." *In re D.H. Overmyer*, No. 83–0394, slip op. (S.D.N.Y. Jan. 20, 1983); *see also In re Geiger Ent., Inc.*, 17 B.R. 432 (W.D.N.Y.1982). As the Court noted in *In re Casco Bay Lines, Inc.*, 8 B.R. 784, 786 (Bkrptcy 1st Cir.1981), to allow appeals of preliminary, non-final orders in bankruptcy cases "would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation."

■ In determining whether leave to appeal should be granted from interlocutory decisions of bankruptcy courts, this court has applied the standards in 28 U.S.C. § 1292(b) governing interlocutory appeals of district court decisions to the Court of Appeals. *In re Johns-Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y.1984); *In re Codesco, Inc.*, 30 B.R. 472, 473 (S.D.N.Y.1983). *See also* 1 Collier on Bankruptcy, # 3.03[7][d][v] at 3.303–3.307 (15th ed. 1983). Under § 1292(b), the appellant has the burden of establishing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1977). 28 U.S.C. § 1292(b) permits interlocutory appeals where three requirements are satisfied: (i) that a controlling question of law be involved, (ii) that the question be one in which there is substantial ground for difference of opinion and (iii) that an immediate appeal would

materially advance the ultimate termination of the litigation.

In the case at hand, Robinson cannot meet the three requirements of § 1292(b). The decision not to disqualify the Legal Representative's law firm does not involve a "controlling question of law," nor would appellate review materially advance the termination of this litigation. Furthermore, as discussed above, Robinson has not convincingly established that this case involves "exceptional circumstances" that would justify immediate review. Neither the complexity of the case nor Robinson's claims of potential inability to appeal at the conclusion of the case require that the usual policy of postponing review of interlocutory orders be abrogated.

For the reasons discussed above, the Legal Representative's motion to dismiss the appeal is granted.

IT IS SO ORDERED.