**In re GLOBAL MARINE, INC., et al.**

**Civ. A. No. H–88–0140.**
**Bankruptcy No. 86–00771.**

United States District Court,
S.D. Texas,
Houston Division.

June 29, 1988.

## MEMORANDUM AND ORDER

.DeANDA, Chief Judge.

Pending before the Court in the above referenced cause is Appellee Weil, Gotshal & Manges' motion to dismiss notice of appeal filed by two unsecured creditors, Metlife Capital Credit Corp. (formerly, MCCC Corp.) and The Bank of New York in its capacity as trustee. After reviewing the record and the applicable law, the Court concludes for reasons delineated below that the motion to dismiss should be granted.

On September 29, 1987, 108 B.R. 998, the Bankruptcy Court issued the challenged order awarding interim compensation of $2,407,830.95 to Appellee, as court-appointed counsel for multiple Debtors in this Chapter 11 reorganization proceeding. The Bankruptcy Court, after extensive briefing and a hearing on the matter, ruled that no actual conflict of interest presently existed that would necessitate disqualification of Appellee from joint representation of Debtor and parent company Global Marine, Inc. ("GMI") and its wholly owned subsidiary Global Marine Deepwater Drilling, Inc. ("GMDDI"), as well as of twelve other debtors.

Appellants argue that GMI is a creditor of GMDDI for a debt of almost $170,000,-000.00. They contend that because of the adverse relationship between the two entities, i.e., controlling owner/controlled subsidiary and creditor/debtor, joint representation creates an actual conflict of interest now, in violation of section 327 of the Bankruptcy Code, that should preclude the award of attorney's fees.

The general rule is that interim awards of attorney's fees are interlocutory orders and therefore not immediately appealable as a matter of right under 28 U.S.C. § 158(a). *In re Int'l Envtl. Dynamics, Inc.*, 718 F.2d 322, 325 (9th Cir. 1983); *Callister v. Ingersoll–Rand Financial Corp. (In re Callister)*, 673 F.2d 305, 307 (10th Cir.1982); *In re Den-col Cartage & Distribution, Inc.*, 20 B.R. 645 (D.Colo. 1982). The Bankruptcy Court retains jurisdiction over such awards and can make adjustments by means of future awards or amendments of prior ones until it rules upon a final application for compensation. 11 U.S.C. § 331; *Callister*, 673 F.2d at 306–07; 3 *Collier on Bankruptcy* § 331.03 at 331–8 & 9 (15th ed.1987).

Here Appellants do not contest the reasonableness of the award but contend that existing conflict of interest should bar it and simultaneous representation of Debtors by Appellee. Appellee counters that Appellants inequitably failed to contest formally its appointment and provision of legal services for almost one year, in a very complicated case, until after Appellee had filed its first two fee applications.

The Court notes that denial of a motion to disqualify [1] is not recognized as an exception to the rule requiring finality of judgment for appeal. *Foster Securities, Inc. v. Sandoz (In re Delta Services Indus.)*, 782 F.2d 1267, 1272 (5th Cir.1986) (*relying upon Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

Nor does the disputed order fall within the recognized exceptions to the finality rule. Under *Forgay v. Cohen*, appellant must show irreparable harm from delay in obtaining appellate review. 47 U.S. (6 How.) 201, 203–06, 12 L.Ed. 404 (1848). The Bankruptcy Court considered the merits of Appellants' arguments in depth and in view of the larger concerns of all the parties to this reorganization before entering its memorandum and order finding no actual conflict and clearly reflecting intensive, specific and thorough review of the facts and the law. *See generally, Pierson & Gaylen v. Creel & Atwood (In the matter of Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1256 (5th Cir.1986); *In re Martin*, 817 F.2d 175, 182–83 (1st Cir.1987). The bankruptcy judge carefully explained that under Section 327(c), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, actual conflict of interest must be found before disqualification of counsel can be considered, and even then there is no blanket proscription against joint representation. He also denied an appeal filed by Appellant Metlife. Moreover, because of its continuing jurisdiction and close supervision of this action, the Bankruptcy Court can rule upon and modify any proposed disposition of assets and related conflict of interests in the future. In the interests of judicial economy and deference to the sound discretion of the Bankruptcy Court in its administration of this reorganization, and because this Court fails to find that Appellants lack avenues to relief should actual conflict be found to arise in the future, the Court finds no immediate appeal necessary.

To fall under the narrow collateral order exception to the finality requirement, the order must satisfy each of three conditions for this Court to have jurisdiction: (1) it must be a conclusive determination of an important disputed question, (2) completely separate from the merits of the suit, and (3) effectively unreviewable on appeal from final judgment. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Smith v. Seaside Lanes (In the Matter of Moody)*, 825 F.2d 81, 87–89 (5th Cir.1987); *Delta*, 782 F.2d at 1272. As noted, there is no discrete dispute that has been conclusively and finally resolved here. The bankruptcy judge's continuing close supervision and clear awareness of the issues are adequate safeguards.

Even though the Bankruptcy Court's order is interlocutory and therefore not appealable as a matter of right, by treating the instant notice of appeal as a motion for leave to appeal, this Court has the discretion to grant leave and hear the appeal under Bankruptcy Rule 8003(c). Here again the Court is sensitive to the strong policy behind the finality rule of avoiding piecemeal appeals, interference with bankruptcy administration, and waste of judicial resources. *See Delta*, 782 F.2d at 1271. The Court also notes Appellee's point that out of multiple creditors, only two Appellants have pursued their objections to the order into this Court at the present time. In deciding whether to allow an appeal, the Court can consider two standards frequently used by district court judges.

First, under 28 U.S.C. § 1292(b), where a controlling question of law with substantial ground for disagreement exists and its resolution would materially advance the end of litigation, granting leave to appeal is favored. Here, the Bankruptcy Court based its ruling on a thorough examination of the law revealing that there is no *per se* rule requiring disqualification of counsel where joint representation of an

---

**1.** While a formal motion to disqualify was not filed, the issue was contested and ruled upon below.

equity security holder and a debtor exists unless an actual conflict, determined through specific factual inquiry, is found. Moreover, an end to this proceeding is not within sight.

Second, the Court may consider whether "exceptional circumstances" justify immediate review. *See, e.g. Delta,* 782 F.2d at 1272. As noted above, the Bankruptcy Court thoroughly considered all the issues raised and expressly stated that it would continue to monitor the future proceedings and to make any modifications as needed on both disqualification and reimbursement.

Accordingly, the Court declines to grant leave to appeal and ORDERS that Appellee's motion to dismiss Notice of Appeal is GRANTED. Thus Appellee's motion to extend appellate briefing schedule is MOOT.