**STATE OF FLORIDA, ex rel. Robert A. BUTTERWORTH, Plaintiff,**

v.

**INDUSTRIAL CHEMICALS, INC., et al., Defendants.**

No. 90–30287–RV.

United States District Court,
N.D. Florida,
Pensacola Division.

Sept. 26, 1991.

Jerome W. Hoffman, Chief, Antitrust Section, Dept. of Legal Affairs, Tallahassee, FL.

David Everson, Lindsay Wood, M. Elizabeth Kirkland, Kansas City, MO, Bill Bryant, Jr., Foley & Lardner, Tallahassee, FL, for Harcros Chemicals, Inc.

Joseph Mays, Jr., Thad G. Long and James S. Christie, Jr., Bradley, Arant, Rose & White, Brimingham, AL, Robert Crongeyer, Pensacola, FL, for defendant Industrial Chemicals, Inc.

Gordon Lang, Washington, DC, John S. Smith, Rochester, NY, William Clark, Pensacola, FL, for defendant Jones Chemicals Co., Inc.

Keith Rounsaville, Tampa, FL, for defendant Van Waters & Rogers, Inc.

Michael J. Pugh, Pensacola, FL, for defendant Jerry Lee Chemicals Co.

L. Vastine Stalber, Jr., William H. Pryor, Jr., John C. Hall, John M. Johnson, William S. Cox, III, Lightfoot, Franklin, White & Lucas, Birmingham, AL, for intervenors.

## ORDER

VINSON, District Judge.

Pending is plaintiff's motion to reconsider this court's August 27, 1991, discovery order compelling plaintiff to turn over to defendants eleven civil investigation demand ("CID") depositions. (Doc. 198). The State collected these depositions during the course of a two year investigation that it conducted pursuant to Section 542.-28, *Florida Statutes* (1987), a part of the Florida Antitrust Act.

On September 27, 1990, the State of Florida subsequently filed a complaint alleging violations of the Sherman Act, the Clayton Act, and Florida anti-trust laws, and naming Van Waters, among others, as a defendant. Van Waters served its discovery requests on October 22, 1990. This request included a demand for the CID depositions. The State refused to produce them, claiming that the depositions were protected from discovery by the work product privilege set out in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Rule 26(b)(3) provides that otherwise discoverable material is privileged if it is "prepared in anticipation of litigation."

On August 9, 1991, Van Waters filed an Amended Motion to Compel Discovery. A hearing was held on August 23, 1991, during which the State continued to assert that the depositions were protected by the work product privilege. In the course of this hearing, I specifically asked the State:

"When did the Attorney General decide to file the complaint?" Counsel for the State responded, "August 1990."

On August 27, 1991, I entered an order requiring the State to turn the depositions over to Van Waters. I first determined that the CID depositions were, by definition, investigative of a "civil antitrust" matter *"prior to the institution* of a civil or criminal proceeding thereon." § 542.-28(1), *Fla.Stat.* (1987). (Emphasis added). Since the State is obligated to discontinue the use of the CIDs once a decision is made to institute a civil or criminal action, the statute should be strictly construed. Therefore, I found that the State had not prepared the depositions in "anticipation of litigation," and that the work product privilege of Rule 26(b)(3) did not attach to the documents. Specifically, I held that

> Because eleven of the CID statements involved were taken for "investigative" purposes, rather than in anticipation of litigation, I conclude that the work product privilege does not attach. Plaintiff acknowledges that the decision to proceed to litigation was not made until after these were taken.

In the alternative, I held that the potential criminal aspects of the case, combined with its size and complexity, warranted ___ in the interest of justice, economy, and fairness ___ disclosure of the CID depositions. The defendants established "undue hardship" in attempting to obtain this material from other sources or by other means.

On September 6, 1991, the State interposed the latest in a string of what appear to be dilatory tactics by notifying Van Waters' attorney that it would not comply with my August 27 order. On September 9, 1991, the State filed a motion for reconsideration of the August 27 order and for stay of proceedings. It continues to assert that the work product privilege applies to the CID depositions. The state also requested certification of an interlocutory appeal pursuant to Title 28, United States Code, Section 1292(b) in the event that I do not reverse the order.

## ANALYSIS

### I.

Section 542.28 gives the state Attorney General broad power, "prior to the institution" of civil or criminal proceedings, to investigate violations of state and federal anti-trust laws. Under Section 542.28, the Attorney General, upon nothing more than mere "reason to believe" that a person possesses information relevant to an anti-trust investigation, can require production of documents, answers to interrogatories, and sworn testimony. The Attorney General may avail himself of formal service of process, and failure to comply with a CID is punishable as a contempt. § 542.-28(6), *Fla.Stat.* (1987). In contrast to the Federal Rules of Civil Procedure, this panoply of discovery devices is available only to the State. Thus, under Section 542.28, the State has extraordinary authority to bring to bear on an individual its enormous power and resources. In civil litigation, the effect is clearly to tilt the discovery process heavily in favor of the State.

The State again asserts that information collected in this setting falls within the work product privilege of Rule 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

This standard derives directly from the case of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), in which the Supreme Court of the United States first recognized that an attorney's files and mental impressions are privileged.

Given the circumstances under which the State collects CID materials, applying the work product privilege to them would not "protect the mental processes" of the state

attorneys. Rather, as the State has shown in this very case, it would provide a means by which it could circumvent fair discovery under the Federal Rules of Civil Procedure. By combining Section 542.28 with Rule 26(b)(3), the State seems to believe that it can conduct a broad-based, one-sided discovery, and then, after it has completely prepared for trial, hide the results from the defendant. This goes well beyond the protection of "mental processes" envisioned by *Hickman,* and Rule 26(b)(3).

Further, the Attorney General need not "anticipate litigation" before he issues a CID. He need only *believe* that an individual has information relevant to an antitrust violation that is "imminent, occurring or that has occurred." §§ 542.27(3), 542.-28(1), *Fla.Stat.* (1987). Presumably, the investigation may disclose no basis for any further proceedings—either civil or criminal. The unwieldy nature of the State's authority, combined with the early stages at which a CID may issue and the absence of any requirement that the Attorney General show need before issuing a CID, prevent a conclusion that CID material is "prepared in anticipation of litigation." The State admitted as much at the hearing on this matter when it stated that the depositions in question were taken purely for "investigative purposes." For these reasons, I hold that the CID depositions are *not* protected from discovery by the work product privilege.

## II.

■ Even if the CID depositions were within the work product privilege, the State's position would not be improved. Rule 26(b)(3) allows a court to weigh the application of the privilege against the genuine needs of the litigant seeking discovery. Thus, a litigant may gain access to otherwise privileged information upon showing 1) a substantial need for the materials in the preparation of the party's case; and 2) that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Rule 26(b)(3) Fed.R.Civ.P. This exception acts as a counterweight to the potentially broad reach of the work product privilege,

and prevents its use as a tool to thwart good faith discovery efforts. *See* Notes of Advisory Committee on Rules, 1970 Amendments, Fed.R.Civ.P. 26(b)(3).

Application of this exception requires a fact-based inquiry into the needs of the party seeking discovery as well as into the hardship that might be avoided by allowing discovery. Such an inquiry necessarily reposes a great deal of discretion in the trial judge, who, of course, acts as the fact finder in discovery disputes. This result, however, is completely consistent with the goals of the drafters of the Federal Rules to use the various instruments of discovery as devices to narrow and to clarify the issues between the parties prior to trial. *See Hickman,* 329 U.S. at 499, 507, 67 S.Ct. at 388, 391.

In the present action, there can be no question as to Van Waters' need for the CID documents. They contain the evidence upon which the State based its complaint, including, at the very least, 1) the acts constituting the alleged conspiracy, 2) the dates of the alleged conspiracy, 3) the names of the individuals allegedly involved in the conspiracy, and 4) the names of those persons providing the State with the foregoing information. It is also worth noting that it is difficult for Van Waters to make a more particularized showing of need because the contents of the depositions is obviously unknown to them. Under these circumstances, I find that Van Waters has made a showing sufficient to establish need.

■ As for the hardship prong of the test, Van Waters urges, and I have recognized in the August 27, 1991 order, the complexity of this case, as well as the massive amounts of documentation already involved. (Doc. 194 p. 3, para. 2). It would be extremely difficult, not to mention wasteful, for Van Waters to attempt to replicate the State's two year investigation when the information it seeks is readily available through discovery of the CID depositions. Rule 1 requires the Federal Rules of Civil Procedure to be construed to secure a "just, speedy and *inexpensive* de-

termination of every action." Cost of discovery is a pertinent and appropriate consideration.

■ The fact that the CID materials may contain evidence of the mental process of the investigating attorneys does not preclude application of the exception to the work product privilege. Rule 26(b)(3) specifically provides that "the court *shall* protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." I again conclude, in the alternative, that Van Waters has made a sufficient showing of necessity and burden to overcome any claim that the CID depositions are protected from discovery by the work product privilege.

The State's motion for reconsideration is DENIED, and it is ORDERED to turn over to Van Waters & Rogers the CID depositions of Rae Burton, Lawrence R. Carter, Darrell Chapman, Delmus Cox, James H. Davis, James Franklin Farish, William Patrick Fiedler, David Hentschel, John Holthause, Stephen Rabstejnek and Michael Seitz, within eleven (11) days from this date.

### III

■ In its motion for reconsideration (doc. 198), the State requests certification of the following question for interlocutory appeal:

> Are witness statements taken for purposes of aiding in anticipated litigation by attorneys for the Florida Attorney General's office under section 542.28, *Florida Statutes*, before a decision to file a complaint is made privileged under the attorney work product doctrine?

Doc. 198 at 11.

The State fears that the court's decision in that order will affect many other cases in which CID materials are involved.

Discovery orders are non-final and non-collateral orders and normally are not appealable. Title 28, United States Code, Section 1292(b), however, provides an avenue for appellate review of non-final orders of the district courts by permitting district court judges to certify that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...."

■ In general, discovery orders do not present "controlling questions of law" capable of significantly advancing litigation so as to justify interlocutory appeal. *North Carolina Assoc. of Black Lawyers v. North Carolina Board of Law Examiners*, 538 F.2d 547, 548–49 (4th Cir.1976). "It is a well established principle that the scope and conduct of discovery are within the sound discretion of the trial court." *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir.1969). In fact, "[i]t is indeed that rare case where the issue presented in the context of discovery and a foreordained trial of unusual length, involves a controlling question of law and where an immediate appeal may materially advance the ultimate termination of the litigation." *Hyde Construction Co. v. Koehring Co.*, 455 F.2d 337, 338–39 (5th Cir.1972).

In the present case, the appeal the State proposes does not involve a question of law that bears on defendants' liability. Nor would an appeal at this stage avoid piecemeal litigation. Rather, when coupled with the requested stay, it would add a substantial amount of time to the already lengthy discovery period, and ultimately would prolong the resolution of the underlying antitrust issues.

In addition to these facts, my alternative holding above makes an interlocutory appeal inappropriate and unnecessary. For these reasons, plaintiff's motion for certification is DENIED.

DONE AND ORDERED.