In re PULLMAN CONSTRUCTION INDUSTRIES, INC., et al., Debtors.

PULLMAN CONSTRUCTION INDUSTRIES, INC., Plaintiff,

v.

BOOCKFORD AND CO., Defendant.

Bankruptcy No. 92 C 3934.

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1992.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Appellant Boockford and Co. ("Boockford") has moved for leave to appeal an interlocutory order entered by the Bankruptcy Court on May 20, 1992. Appellee Pullman Construction Industries, Inc. ("Pullman") opposes the motion. For the reasons set forth below, we deny Boockford leave to appeal.

Pullman filed its Chapter 11 bankruptcy papers on May 1, 1987. The Bankruptcy Court denied confirmation of Pullman's reorganization plan on November 29, 1989. *In re Pullman Constr. Indus., Inc.,* 107 B.R. 909 (Bankr.N.D.Ill.1989). In that same order, the Bankruptcy Court granted Wells Fargo Bank, N.A. ("Wells Fargo") a modification of the automatic stay to permit Wells Fargo to exercise its rights against Pullman. *Id.* A subsequent settlement agreement, approved by the Bankruptcy Court, required Pullman to prosecute several preference actions; any monies recovered would be split between Wells Fargo and various professionals who performed services for Pullman and its related companies in bankruptcy. *See In re Pullman Constr. Indus., Inc.,* 132 B.R. 359 (Bankr.N.D.Ill.1991).

Boockford, Pullman's insurance agent, was sued by Pullman on January 2, 1992. Pullman alleges that as of ninety days prior to the Chapter 11 petition date, it owed Boockford some $300,000 for 1986 premiums, and that, during the ninety-day period preceding the petition date, it repaid Boockford for the "advances." Thus, Pullman contends that any repayments during this period are avoidable transfers under 11 U.S.C. § 547(b) (1988).

The Bankruptcy Court denied Boockford's motion to dismiss on May 20, 1992. It found, *inter alia,* that Pullman had standing to seek recovery of allegedly voidable transfers, that the statute of limitations in 11 U.S.C. § 546(a) (1988) did not preclude recovery, that the aforementioned settlement agreement did not constitute an impermissible assignment of Pullman's preference claim, and that Pullman might be able to recover monies from Boockford under 11 U.S.C. § 550(a) (1988).[1] *In re Pullman Constr. Indus., Inc.,* Bankr. No. 87 B 6441-4 (Bankr.N.D.Ill. May 20, 1992) (Adversary No. 92 A 2). Boockford's motion for leave to appeal was filed on June 15, 1992.

■ The relevant statute for our present purposes is 28 U.S.C.A. § 158(a) (1968 & 1992 Supp.), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges...." Generally speaking, leave to appeal an interlocutory order will not be granted "absent 'exceptional circumstances.'" *Escondido Mission Village L.P. v. Best Prods. Co.,* 137 B.R. 114, 116 (S.D.N.Y.1992). This reticence stems from the concern that granting such leave as a matter of course would "contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Casco Bay Lines, Inc.,* 8 B.R. 784, 786 (1st Cir. BAP 1981).

The parties correctly note that courts interpreting § 158(a) have traditionally turned to 28 U.S.C. § 1292(b)—the general interlocutory appeal standard—for guidance. Section 1292(b) provides that an appeal of an interlocutory order may be appropriate when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also Segni v. Commercial Office of Spain,* 650 F.Supp. 1045, 1046 (N.D.Ill.1987).

■ We find that Boockford should not, at this juncture, be permitted to appeal the

---

1. Boockford's instant motion addresses all of these elements of the May 20, 1992 opinion, as well as whether Pullman's complaint fails to state a claim upon which relief can be granted.

May 20, 1992 interlocutory order denying its motion to dismiss. There is significant doubt here that the differences of opinion identified by Boockford amongst various courts—but not amongst the Bankruptcy Courts of this District—are based on a substantial foundation. Other courts—including the Tenth Circuit Court of Appeals, *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1524 (10th Cir.1990)—have ruled on the statute of limitations issue in a way that is directly contrary to the May 20, 1992 ruling at issue here, but that alone is not enough. As the Bankruptcy Court noted in a previous order,

> [t]he opinions of the Tenth Circuit and [other courts that support an interpretation of § 546(a) as applicable to a liquidating debtor] are contrary to well-established principles of statutory construction. While this Court gives deference to the view expressed by those courts, that view is not supported by the wording of § 546(a), the structure of the Bankruptcy Code, the legislative history of the statute, or logic. It does not bind this Court and I decline to follow it.

*In re Pullman Constr. Indus., Inc.,* 132 B.R. 359, 364 (Bankr.N.D.Ill.1991).

Boockford's motion for leave to appeal the Bankruptcy Court's May 20, 1992 interlocutory order is denied. It is so ordered.