**In re James M. CHAPLIN.**

**No. 94–C–963.**

United States District Court, E.D. Wisconsin.

Oct. 19, 1994.

James M. Chaplin, pro se.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Before the Court in the above-captioned matter is the plaintiff's Motion for Leave to Appeal the July 19, 1994 Order of the Bankruptcy Court in bankruptcy case number 90–25476–JES. For the following reasons, this motion is denied.

On October 15, 1990, plaintiff James Chaplin and Rebecca Chaplin (alternatively referred to as "debtors") filed a Chapter 7 voluntary bankruptcy petition; that case remains pending. As noted by Judge Shapiro, a § 341 meeting of creditors was held on November 23, 1990; that meeting, however, was adjourned indefinitely and was not concluded until some time after January 17, 1991. On January 25, 1991, creditors James B. and Linda S. Larsen (collectively referred to as "the Larsens") filed objections to the debtors' claimed exemption in the stock of Neo–Genesis, Inc.; creditor Transamerica Premier Insurance Company ("Transamerica") filed a similar objection on January 30, 1991. On March 18, 1991, Judge Shapiro sustained these objections. On July 19, 1994, Judge Shapiro denied the debtors' request that he rescind his March 18 Order, noting that

> "Mr. Chaplin's reliance upon the United States Supreme Court's holding in *Taylor v. Freeland & Kronz* [—— U.S. ——], 112 S.Ct. 1644 [118 L.Ed.2d 280] (1992), is misplaced. Unlike the facts in *Taylor v. Freeland & Kronz,* objections to the exemptions were timely filed. Bankruptcy Rule 4003(b) specifically enables a trustee or any creditor to object 'within 30 days *after the conclusion* (emphasis added) of

the meeting of creditors held pursuant to Rule 2003(a). . . .' The objections to the debtors' exemptions filed by James B. Larsen and Linda S. Larsen on January 25, 1991 and by Transamerica Premier Insurance Company on January 30, 1991 were timely filed because, as of the dates these objections were filed, the § 341 meeting of creditors had still not been concluded, and therefore, the 30–day deadline to object had not even begun to run."

Mr. Chaplin filed the instant request on July 29, 1994, stating the following:

"Pursuant to the Supreme Courts [sic] Order in *Taylor v. Freeland & Kronz* [—— U.S. ——], 112 S.Ct. 1644, *1648* [118 L.Ed.2d 280] (1992), 'Rule 4003(b) gives the trustee and creditors 30 days from the *initial* (emphasis added) creditors' meeting to object', in this case 30 days from November 23, 1990. Furthermore failure to conclude the meeting of creditors tolls the 30 day period within which to file objection [sic] to claimed exemption or to bring motion to enlarge the time period for objecting to claimed [sic] exemption. *In re Kramer*, Bkrtcy. E.D.N.Y.1991, 128 B.R. 707."

(Emphasis in original). Mr. Chaplin, then, reads *Taylor* as providing the Larsens and Transamerica with thirty (30) days from the first day on which a § 341 creditors' meeting ensues to object to a debtors' claimed exemptions.

■ The initial question we must address is whether this Court has appellate jurisdiction over Judge Shapiro's July 19 Order. The Court's appellate jurisdiction over bankruptcy rulings is codified in 28 U.S.C. § 158(a), which provides as follows:

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, *and, with leave of the court, from interlocutory orders and decrees*, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

Although the Seventh Circuit has acknowledged that "finality" is to be more liberally construed in bankruptcy cases than in other civil contexts, *In re Jartran, Inc.*, 886 F.2d 859, 861 (7th Cir.1989); *In re Sax*, 796 F.2d 994, 996 (7th Cir.1986), Mr. Chaplin acknowledges, and the case law makes clear, that the ruling at issue in this case was not a final one. *See, e.g., In re Energy Insulation, Inc.*, 143 B.R. 490, 492–93 (N.D.Ill.1992). As a result, Mr. Chaplin does not appeal Judge Shapiro's July 19 decision as a matter of right. *See, e.g., In re Johns–Manville Corp.*, 47 B.R. 957, 959 (S.D.N.Y.1985).[1]

The question becomes, then, whether the Court should effectively create jurisdiction by acting within its discretion to grant leave to hear Mr. Chaplin's interlocutory appeal. *See, e.g., Energy Insulation* at 493. As an initial matter, Federal Rule of Bankruptcy Procedure 8001(b) requires a party appealing an interlocutory order to file a notice of appeal accompanied by a motion for leave to appeal. There is no dispute that Mr. Chaplin has complied with these requirements.

■ An exercise of appellate discretion, however, is unwarranted in this case. It is generally recognized that district courts should only entertain appeals of interlocutory orders of a bankruptcy court in "exceptional circumstances." *Johns–Manville*, 47 B.R. at 959. This rule allows district courts to "avoid[ ] the delay and disruption which results from such piecemeal litigation." *Id.* "Although neither the Bankruptcy Code nor the Bankruptcy Rules provide any guidance for determining when an interlocutory appeal is appropriate, the standard set forth in 28 U.S.C § 1292(b), which governs interlocutory appeals from the district court to the court of appeals, in instructive in this matter." *Energy Insulation* at 493 (citing *In re Lifshultz Fast Freight Corp.*, 127 B.R. 418, 418

---

1. Nor is the "collateral order" applicable in this case. That doctrine "permits review of a small class of orders which are finally dispositive of a collateral issue and which are sufficiently independent of the main cause of action, if they are effectively unreviewable on appeal from a final judgment." *Johns–Manville*, 47 B.R. at 959. Assuming that Judge Shapiro's decision was incorrect, the debtors can likely recover the stock at issue, or its reasonable equivalent, on appeal from the bankruptcy court's final judgment. Therefore, his decision is, in fact, reviewable on appeal from a final judgment.

(N.D.Ill.1991); *In re Bowers–Siemon Chemicals Co.*, 123 B.R. 821, 824 (N.D.Ill.1991)). *Accord Johns–Manville*, 47 B.R. at 959. Courts applying § 1292(b) in bankruptcy appeals have adopted its "three part test which suggests that review of interlocutory orders should be granted where: 1) the appeal presents a controlling question of law; 2) over which there is substantial ground for differences of opinion; and 3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Energy Insulation* at 493. *Accord In re David W. Murray*, 116 B.R. 6, 8 (D.Mass.1990); *Johns–Manville* at 959–60.

■ This appeal fails the second and third prongs of this test. As to the second, other courts have noted that an interlocutory appeal is "not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion." *In re Auto Dealer Services, Inc.*, 81 B.R. 94, 96 (M.D.Fla.1987); *Federal Deposit Ins. v. First National Bank of Waukesha*, 604 F.Supp. 616, 620 (E.D.Wis. 1985). Mr. Chaplin has cited no authority either endorsing or rejecting the interpretation of *Taylor* he advances in this case; and it is this Court's view that Mr. Chaplin's argument before Judge Shapiro, rather than presenting a "difficult issue" or a "hard case," advanced a frivolous position which was properly rejected in summary format. Simply stated, the portion of the *Taylor* opinion cited by Mr. Chaplin as relevant presents no "substantial ground for difference of opinion." As noted by Judge Shapiro, the creditor in *Taylor*, unlike this case, did not file an objection "within 30 days *after the conclusion of the meeting of creditors*" as required under Federal Rule of Bankruptcy Procedure 4003(b); in fact, he filed no objection at all. Given this important factual divergence, it is questionable whether *Taylor* has any relevance in this case.

Moreover, the Supreme Court in *Taylor* did not attempt, either explicitly or implicitly, to adopt a new interpretation of Rule 4003(b). The portion of *Taylor* cited by Mr. Chaplin addresses a completely unrelated issue (namely, whether a complete failure to object to a debtor's listed exemptions preclude a creditor from ever raising any such challenge), and simply notes in passing that Rule 4003(b) allows creditors "30 days from the initial [or first] creditors' meeting to object." *Taylor*, —— U.S. at ——, 112 S.Ct. at 1648. Had the Supreme Court in *Taylor* wished to reject the plain language of Rule 4003(b) in favor of the contorted meaning advanced by Mr. Chaplin (by inserting the phrase "day of the first" between "initial" and "creditors' "), it is clear that they would have done so explicitly. The obviousness of this point likely explains why Mr. Chaplin has found no cases addressing the contrived "issue" he appeals. The *Auto Dealer* opinion notes that this prong normally requires that at least two courts interpret the law differently, and that the mere fact that the plaintiff "would interpret the applicable law differently does not establish a 'substantial ground for difference of opinion.' " *Id.* at 96. Mr. Chaplin's "unique" and unfounded reading of *Taylor*, then, cannot satisfy the second prong of the interlocutory appeal test.

Mr. Chaplin has similarly not met the third prong of the test by showing that an interlocutory appeal "would not materially advance the ultimate termination of the litigation." *Auto Dealer* at 96. The debtors' bankruptcy case has been pending for over four years; numerous issues have already been decided and a final discharge from bankruptcy, it would seem, is slowly drawing near. At this stage, an interlocutory appeal would only serve to further delay the bankruptcy proceedings and ultimately prove to be more costly than moving ahead before Judge Shapiro. *Id.* Again, Mr. Chaplin's request for an interlocutory appeal is improper, and must be denied.

For these reasons, **IT IS HEREBY ORDERED** that the plaintiff's Motion for Leave to Appeal the July 19, 1994 Order of the Bankruptcy Court in bankruptcy case number 90–25476–JES be DENIED in the above-captioned matter.

**SO ORDERED.**