In re AMERICAN FREIGHT SYSTEM, INC., USA Western, Inc., Smith's Transfer Corporation, Sioux Falls Service Center, Inc., American Carriers, Inc., Debtors-in-Possession.

AMERICAN FREIGHT SYSTEM, INC. and ARA Services, Inc., Plaintiffs,

v.

TRANSPORT INSURANCE COMPANY, Industrial Commission of Ohio, Wes Trimble, Administrator, Bureau of Workers' Compensation, Defendants.

Bankruptcy Nos. 88–41050–11, 88–41051–11, 88–41170–11, 88–41188–11 and 88–41265–11.
Adv. No. 93–7024.
No. 95–431–SAC.

United States District Court, D. Kansas.

Feb. 27, 1996.

**28.** 11 U.S.C. § 110(i)(1) provides:

Kurt A. Stohlgren, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for American Freight System, Inc.

Charles R. Hay, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Transport Insurance Company, Industrial Commission of Ohio, Wes Trimble, Administrator.

## MEMORANDUM AND ORDER

CROW, District Judge.

The defendants, Industrial Commission of Ohio, the Administrator and the Bureau of Workers' Compensation ("applicants") apply for leave to appeal, pursuant to 28 U.S.C. § 158(a)(3), from a bankruptcy court order issued in the adversary proceeding that denied the Industrial Commission of Ohio's motion for protective order. The plaintiffs, American Freight System, Inc. and ARA Services, Inc., and the defendant, Transport Insurance Company, oppose the application for interlocutory appeal. (Dk. 6). For the reasons stated below, the district court denies the application for leave to appeal.

## BACKGROUND

The following was gleaned from the applicants' memorandum. The debtor, American Freight System, Inc. ("AFS"), was self-insured for workers' compensation claims, and upon filing for bankruptcy, AFS stopped making payments to workers' compensation claimants. In AFS's bankruptcy case, the Bureau of Workers' Compensation ("Bureau") filed proofs of claim totalling approximately $6,000,000 and consisting of two parts. The Bureau's claim first consists of the actual payments to claimants who have

been adjudicated by the Industrial Commission of Ohio ("Industrial Commission") as entitled to workers' compensation benefits. The Bureau's claim also consists of the present value of future payments to claimants who have been adjudicated as entitled to benefits. In July 1991, AFS filed an objection to the Bureau's claim.

In March of 1993, AFS initiated this adversary proceeding. Besides a dispute with the defendant Transport Insurance Company, the AFS also sought reimbursement from the Industrial Commission and the Bureau for a "handicapped" credit based on employees' pre-existing injuries or handicaps. In 1995, the bankruptcy court allowed AFS to amend its complaint and add its objections to the Bureau's proof of claims. Consequently, the adversary proceeding now includes a dispute over the validity of the Bureau's proof of claims. The Transport Insurance Company also filed a cross-claim.

AFS and Transport Insurance Company filed deposition notices requesting the Industrial Commission to designate a person or person to testify on certain matters and to produce certain documents. In response to these notices, the Industrial Commission filed a motion for a protective order. The bankruptcy court denied this motion in an order filed and entered on November 6, 1995. In that three-page order, the applicants take issue specifically with one finding:

> 3. The Court finds that with respect to the Ohio Proofs of Claims, AFS and the other parties in interest are not bound by the Commission's previous determinations of compensability with respect to the individual worker's compensation claims of former employees. *State Industrial Commission v. American Dynamic Agency, Inc.,* 70 Ohio St.2d 41, 434 N.E.2d 735 (Ohio 1982). Accordingly, matters pertaining to the worker's compensation claims for which the Ohio Bureau of Worker's Compensation seeks reimbursement are discoverable, and specifically, the practices and procedures of the Commission with respect to its handling of such claims.

(Dk. 1, Ex. A). The bankruptcy court found matters designated in the deposition notices discoverable and denied the Industrial Commission's motion for protective order. *Id.*

## STANDARDS GOVERNING LEAVE FOR INTERLOCUTORY APPEALS

 The district court has jurisdiction to hear appeals from final orders and certain interlocutory orders. 28 U.S.C. § 158(a)(1) and (2). A party may appeal all other interlocutory orders only with leave of the court. 28 U.S.C. § 158(a)(3). Discretion resides with the district court in deciding whether to allow the interlocutory appeal. *In re Jartran,* 886 F.2d 859, 866 (7th Cir.1989). Courts should act "sparingly and with discrimination" in granting interlocutory appeals. *In re Stoecker,* 179 B.R. 532, 544 (N.D.Ill.1994); *see In re American Freight System, Inc.,* 153 B.R. 316, 321 (D.Kan.1993).

 Because § 158(a) is silent as to the standards for granting leave, the courts have looked to the standards governing appeals under 28 U.S.C. § 1292(b). *In re Kruckenberg,* 160 B.R. 663, 666 (D.Kan.1993); *Sterling Supply Corp. v. Mullinax,* 154 B.R. 660, 662 (E.D.Pa.1993). The district court may properly entertain an appeal from an interlocutory order that involves (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, and (3) the immediate resolution of which may materially advance the ultimate termination of the litigation. *In re Kruckenberg,* 160 B.R. at 666; *In re American Freight System, Inc.,* 153 B.R. at 321. Courts generally recognize that interlocutory bankruptcy appeals are reserved for cases of exceptional circumstances. *In re Ionosphere Clubs, Inc.,* 179 B.R. 24, 28 (S.D.N.Y.1995); *In re Chaplin,* 173 B.R. 907, 908 (E.D.Wis.1994); *In re Pullman Const. Industries, Inc.,* 143 B.R. 497, 498 (N.D.Ill.1992); *In re Global Marine, Inc.,* 108 B.R. 1009, 1012 (S.D.Tex.1988); *see Professional Service Industries, Inc. v. Kimbrell,* 841 F.Supp. 358, 363 (D.Kan.1993). Interlocutory appeals contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it. *In re Ionosphere Clubs, Inc.,* 179 B.R. at 28; *In re Chaplin,* 173 B.R. at 908; *In re Pullman Const. Industries, Inc.,* 143 B.R. at 498; *In re Global Marine, Inc.,* 108 B.R. at 1011. The party seeking an

interlocutory appeal bears the burden of demonstrating exceptional circumstances. *Northeast Savings, F.A. v. Louis A. Geremia,* 191 B.R. 275, 277–78 (D.R.I.1996); *Cummins v. EG & G Sealol, Inc.,* 697 F.Supp. 64, 69–70 (D.R.I.1988).

## DISCUSSION

 The applicants see the issue for interlocutory appeal as whether the bankruptcy court can adjudicate the employees' workers' compensation claims already decided by the Industrial Commission. While this issue may be one of law, the applicants fail to demonstrate how the bankruptcy court' discovery order is "controlling." The court does not read the bankruptcy court's order as finally determining this issue or the other jurisdictional issues identified in applicant's memorandum. Rather than ruling that it will adjudicate the Commission's determinations, the bankruptcy court's order only allows discovery to proceed with "matters pertaining to the workers' compensation claims . . ., and specifically, the practices and procedures of the Commission with respect to its handling of such claims." The discovery order does not bear on the merits and, by itself, will not lead to reversal after final judgment. Generally, "discovery orders do not present 'controlling questions of law' capable of significantly advancing litigation. . . ." *State of Florida v. Industrial Chemicals,* 145 F.R.D. 585, 589 (N.D.Fla. 1991) (citing *North Carolina Assoc. of Black Lawyers v. North Carolina Board of Law Examiners,* 538 F.2d 547, 548–49 (4th Cir. 1976)); *Stone Container Corp. v. Owens–Illinois, Inc.,* 528 F.Supp. 794, 796 (N.D. 1981); 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, *Federal Practice and Procedure* § 3931 at 171–72 (1977) (citations omitted); *see, e.g., In re Towers Financial Corp.,* 164 (S.D.N.Y. 1994); *In re Lifschultz Fast Freight Corporation,* 127 B.R. 418, 418–19 (N.D.Ill.1991). The applicants have not demonstrated that the bankruptcy court's order would so significantly affect the scope of contemplated discovery that it should be treated as central to the litigation. Based on the circumstances as presented in the application for leave, the court does not find the bankruptcy court's order to involve a controlling question of law.

Because they "very much disagree with the" bankruptcy court's reading of *State Industrial Commission v. American Dynamic Agency, Inc.,* 70 Ohio St.2d 41, 434 N.E.2d 735 (1982), the applicants maintain there is a substantial basis for a difference of opinion on the bankruptcy court's discovery order. The factual distinctions that appellants articulate between *American Dynamic* and the case here do not appear particularly weighty or meritorious. As for legislative amendments to R.C. 4123.75 since *American Dynamic,* the applicants do not identify the nature of the amendments or discuss their probable effect. The applicants cite no Ohio authority supporting their interpretation of *American Dynamic* or rejecting the bankruptcy court's interpretation of it. The court will not resort to speculating that a substantial basis exists simply because the applicants have not demonstrated one.

Finally, the court is not satisfied by the applicant's showing for the third element. The bankruptcy court's order affects discovery only and does not finally determine whether it will adjudicate any of the Commission's prior compensation determinations. The applicants simply have not demonstrated that the bankruptcy court's discovery order differs materially from routine discovery orders from which interlocutory appeals are discouraged as contravening the policy against piecemeal litigation.

IT IS THEREFORE ORDERED that the applicants' application for leave to take an interlocutory appeal (Dk. 1) from the bankruptcy court's order of November 6, 1995, is denied.