In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

v.

STATE OF NEW HAMPSHIRE; State of New Hampshire Public Utilities Commission.

Bankruptcy No. 88–43.
Civ. No. 89–219–D.

United States District Court,
D. New Hampshire.

June 7, 1989.

Stutman, Treister & Glatt, PC by Richard B. Levin, Boston, Mass., Sulloway, Hollis & Soden by R. Carl Anderson, John M. Sullivan, Concord, N.H., for Public Service Co. of N.H.

Kramer, Levin, Nessen, Kamin & Frankel by Geoffrey Kalmus, Joel Zweibel, James Cienki, New York City, Deasy & Swyer by Richard Gagliuso, J. Michael Deasy, Nashua, N.H., for Unsecured Creditors' Committee.

Attorney Gen. State of N.H., by Larry Smukler, Asst. Atty. Gen., Concord, N.H., for State of N.H. & N.H. Public Utilities.

Whitman & Ransom by Richard N. Tilton, New York City, for Equity Committee.

Winthrop, Stimson, Putnam & Roberts by John Pritchard, Shearman & Sterling by George Wade, Jon Morrison, Barbara

Gould, Samuel Sugden, New York City, David J. Dunfey, Hampton, N.H., for CUC/Citicorp and Fiurst Fidelity Bank, N.A.

Day, Berry & Howard by James Tancredi, John B. Nolan, Hartford, Conn., for Northeast Utilities Service Co.

Gerald M. Eaton, Sr. Counsel, Manchester, N.H., for Public Service Co. of N.H.

### ORDER

DEVINE, Chief Judge.

This Order addresses issues raised in this bankruptcy proceeding by medium of certain pending motions. In the order discussed, the motions seek (1) to delay briefing (pending resolution of) (2) the motion seeking leave to appeal. 28 U.S.C. § 158(a).[1]

*1. The Motion to Delay Briefing*

This motion is granted, as all parties concur that a briefing schedule would be premature at this stage of these proceedings.

*2. The Motion for Leave to Appeal*

A. Background

Plaintiff Public Service Company of New Hampshire ("PSNH") is the largest electrical utility in New Hampshire. The defendant, State of New Hampshire ("State") regulates utilities through an administrative agency entitled The Public Utilities Commission ("PUC").[2]

On January 28, 1987, PSNH sought relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101, *et seq.* In due course, PSNH filed a proposed plan of reorganization. The reorganization plan in pertinent part seeks to take actions, including the transfer of assets, issuance of securities, and mortgaging of properties, without seeking prior approval of regulatory agencies in New Hampshire or elsewhere. The proposed plan also seeks to transfer primary regulatory jurisdiction from State and PUC to the Federal Energy Regulatory Commission ("FERC").

Following hearing, the bankruptcy judge denied a motion of PSNH which sought determination that 11 U.S.C. § 1123(a)[3] empowers PSNH to seek confirmation of its plan of reorganization without seeking approval from other regulatory agencies. This motion was denied without prejudice to PSNH, with leave to file an adversary proceeding seeking declaratory judgment.

Such adversary proceeding was filed on February 6, 1989, and State and PUC then moved to join as defendants the states of Connecticut, Maine, Vermont, the Nuclear Regulatory Commission, the Securities and Exchange Commission, and FERC. This motion was denied by the bankruptcy judge.

Additionally, the bankruptcy judge, sua sponte, raised the issue of the existence of an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. § 2201.[4] Following hearing on that issue, the bankruptcy court entered a briefing schedule and set hearing on June 30, 1989, on summary judgment with respect to this issue.

State and PUC claimed the right to interlocutory appeal on the grounds that:

1. 28 U.S.C. § 158(a) provides in pertinent part:
   The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges....
   Bankruptcy Rule 8003 describes the contents of a motion for leave to appeal and directs the manner of its filing.

2. PUC is the creature of a legislative enactment. New Hampshire Revised Statutes Annotated ("RSA") chapter 363 (and Supp.1988). Its duties are detailed in scattered sections of RSA.

3. 11 U.S.C. § 1123(a) sets forth the details of the contents of a plan of reorganization.

4. 28 U.S.C. § 2201, with certain exceptions not here relevant, provides in pertinent part:
   In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
   28 U.S.C. § 2201(a).

(1) the bankruptcy court abused its discretion in failing to join the other state and federal regulatory agencies, and

(2) the bankruptcy court erred in declaring the issues raised in the adversary proceeding are ripe for resolution because of its failure to join such regulatory agencies.

### B. Joinder of Parties

■ Finding that only the provisions of Rule 19(a), Fed.R.Civ.P.,[5] here applied, and that State and PUC were unlike the other regulatory agencies sought to be joined, the bankruptcy court decided that the litigation should proceed with only PSNH and the instant defendants present before the court. He pointed out that addition of other defendants would undoubtedly delay matters further, that the regulatory agencies sought to be joined have been knowledgeable of the bankruptcy proceedings for a considerable period of time, and that they have had ample opportunity to seek intervention and to join in the proceedings. On their face, such findings do not appear to exceed the parameters of discretion afforded bankruptcy judges in proceedings of the type here at issue.

■ It is to be remembered that, for appellate purposes, "finality" in bankruptcy cases is determined by whether the case presents a "discrete dispute within the larger case" of a bankruptcy proceeding or involves an "order that conclusively determines a separable dispute". *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444–45 (1st Cir.1983). Orders which merely allow "the proposed litigation to go forward" are not final orders because they do not conclusively or effectively determine the outcome of

the litigation. *In re El San Juan Hotel*, 809 F.2d 151, 153 (1st Cir.1987).

### C. Actual Controversy

■ The bankruptcy judge found there was an actual controversy between the parties within the scope of 28 U.S.C. § 2201. Again, the circumstances support such a position. For fourteen months, PSNH had taken the position that its reorganizational changes would bring it within the regulatory umbrella of FERC rather than PUC. State and PUC had taken the exact opposite position. The underlying issue is one of preemption, and the issue is clearly ripe for disposition at this stage of the proceedings. *See First Fed'l Sav. & Loan v. Greenwald*, 591 F.2d 417 (1st Cir.1979); *Town of Springfield, Vt. v. McCarren*, 549 F.Supp. 1134 (D.Vt.1982), *aff'd without opinion*, 722 F.2d 728 (2d Cir.), *cert. denied*, 464 U.S. 942, 104 S.Ct. 360, 78 L.Ed.2d 322 (1983); *Board of Elec. Light Comm'rs of Burlington v. McCarren*, 563 F.Supp. 374 (D.Vt.1982), *aff'd*, 725 F.2d 176 (2d Cir.1983).

### D. Conclusion

This is not a case where the rights of the respective parties and the cause of justice will be advanced by granting an interlocutory appeal. The motion seeking leave to appeal must be and is herewith denied.

SO ORDERED.

---

**5.** Bankruptcy Rule 7019 makes Rule 19(a), Fed.R.Civ.P., applicable in bankruptcy proceedings. The latter rule provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability

to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.