**In re BOWERS–SIEMON CHEMICALS COMPANY, Debtor.**

**H.L. BLACHFORD, LTD., et al., Appellants,**

**v.**

**BOWERS–SIEMON CHEMICALS COMPANY, Appellee.**

Nos. 90 C 7086,
89 B 13574,
89 A 1005.

United States District Court,
N.D. Illinois, E.D.

Feb. 4, 1991.

Robert A. Downing, John M. Czarnetzky, Sidley & Austin, Chicago, Ill., for appellants.

Max Chill, Steven R. Radtke, Chill, Chill & Radtke, P.C., Chicago, Ill., for appellee.

## ORDER

BUA, District Judge.

In this bankruptcy appeal, appellants Earl and Martha Bowers (the "Bowers") challenge the authority of the bankruptcy court to preside over a jury trial. The appellee, Bowers–Siemon Chemicals Company ("Bowers–Siemon"), raises an objection to the appellate jurisdiction of this court. For want of a final appealable order entered by the bankruptcy court, this appeal is dismissed.

## I. FACTS

Bowers–Siemon, the debtor in the underlying Chapter 11 bankruptcy, initiated an adversary proceeding on November 8, 1989. The Bowers were among the nineteen defendants named in the adversary complaint. On January 8, 1990, the Bowers filed their answer, which contained a jury demand. The Bowers' jury demand relates only to Counts V, VI, and VII of the adversary complaint. In Counts V and VI, Bowers–Siemon seeks to recover $300,000 that was paid to the Bowers in 1989. Bowers–Siemon alleges that the payment was a fraudulent conveyance under Illinois law (Count V) and § 544(b) of the Bankruptcy Code (Count VI). In Count VII, Bowers–Siemon seeks to set aside an additional $325,000 payment to Earl Bowers as a pref-

erential transfer under § 547 of the Bankruptcy. Code.

Although the Bowers requested a jury on these counts, they took the position that the bankruptcy court did not have the power to conduct the jury trial. Challenging the authority of the bankruptcy court, the Bowers filed a motion to withdraw the reference to the bankruptcy court. That motion was assigned to District Judge Ann C. Williams. At a status hearing, Bowers–Siemon informed Judge Williams that the bankruptcy court was considering the jury trial issue. Judge Williams then entered an order dismissing the case with leave to reinstate within thirty days after the decision of the bankruptcy court.

The bankruptcy court issued its decision on October 15, 1990, holding that the Bowers are entitled to a jury trial on Counts V–VII of the adversary complaint. *See In re Bowers–Siemon Chem. Co.*, No. 89 A 1005, slip op. at 4–5 (Bankr.N.D.Ill. Oct. 15, 1990). The bankruptcy court further held that it had the authority to conduct the jury trial. *Id.* at 7. Dissatisfied with this ruling, the Bowers filed a notice of appeal. The appeal was assigned to this court.

## II. DISCUSSION

■ When hearing an appeal from a bankruptcy court, the district court sits as an appellate court. *In re Neis*, 723 F.2d 584, 588 (7th Cir.1983). Before reaching the merits of this bankruptcy appeal, this court must decide whether it has appellate jurisdiction. The Bowers accuse Bowers–Siemon of "elevat[ing] form over substance" by raising the jurisdictional issue. *Reply Brief of Appellants*, at 1. This court does not share the Bowers' sentiments. Like any federal appellate court, this court has a special obligation to satisfy itself that there is federal jurisdiction to hear the appeal. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986);

*Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986).

It is not entirely clear why the Bowers opted to forego reinstating the case before Judge Williams and, instead, decided to take an appeal to this court. There is no evidence that the Bowers would have been unduly prejudiced if forced to proceed before Judge Williams. There is no reason to believe that Judge Williams could not have disposed of the matter promptly and competently. Reinstating the motion for withdrawal of reference would have been a more appropriate procedure for raising the jury trial issue. It is not disputed that Judge Williams would have had jurisdiction to decide the issue.

By choosing to appeal to this court, the Bowers have created a troublesome jurisdictional issue. Appellate jurisdiction in this case is premised on 28 U.S.C. § 158(a), which confers jurisdiction over "final" orders entered by the bankruptcy court.[1] According to the Bowers, the order entered by the bankruptcy court in this case is such a final appealable order. This court disagrees.

■ As a general rule, a final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 634, 89 L.Ed. 911 (1945). While some circuits have applied this traditional definition of finality to bankruptcy appeals, see *In re Wisz*, 778 F.2d 762, 764 (11th Cir.1985); *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir.1986), the Seventh Circuit has suggested that "finality" is to be more liberally construed in bankruptcy cases than in other civil cases. *In re Jartran, Inc.*, 886 F.2d 859, 861 (7th Cir.1989); *In re Sax*, 796 F.2d 994, 996 (7th Cir.1986). A particular dispute or claim arising during the course of the bankruptcy can be finally resolved even though the overall bankrupt-

---

1. Section 158(a) provides:
   The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving. 28 U.S.C. § 158(a) (Supp.1990).

cy case is not concluded. *In re Fox,* 762 F.2d 54, 55 (7th Cir.1985). Indeed, a single bankruptcy may generate several final orders. *In re Morse Elec. Co.,* 805 F.2d 262, 264 (7th Cir.1986). Thus, for purposes of bankruptcy appeals, an order is considered to be final when it "finally determines" a creditor's position. *In re Sandy Ridge Oil Co.,* 807 F.2d 1332, 1334 (7th Cir.1986); *In re Morse,* 805 F.2d at 264; *see also In re Jartran,* 886 F.2d at 862.

Even under the most liberal definition of finality, this court cannot conclude that an order which grants (or denies) a jury trial, standing alone, is final. *See City of Morgantown v. Royal Ins. Co.,* 337 U.S. 254, 256–58, 69 S.Ct. 1067, 1068–69, 93 L.Ed. 1347 (1949); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1566 (11th Cir.1987); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *In re Southern Indus. Banking Corp.,* 70 B.R. 196, 199–200 (E.D.Tenn.1986). Such an order does not resolve a particular proceeding, dispose of a claim, or otherwise determine the position of a creditor; the claim at issue remains pending for resolution by the jury. The fact that the bankruptcy court also determined that it has the authority to conduct the jury trial does not render the order final. "Orders which merely allow 'the proposed litigation to go forward' are not final orders because they do not conclusively or effectively determine the outcome of the litigation." *In re Public Serv. Co.,* 110 B.R. 100, 102 (D.N.H.1989) (quoting *In re El San Juan Hotel,* 809 F.2d 151, 153 (1st Cir.1987)); *see also In re Greene County Hosp.,* 835 F.2d 589, 595–96 (5th Cir.), *cert. denied,* 488 U.S. 820, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988).

The Bowers also contend, alternatively, that this court has jurisdiction under the marginal finality doctrine of *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) and the collateral order doctrine first articulated in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Gillespie,* the Supreme Court recognized that it is often difficult to deter-

mine whether an order is final; certain cases may fall within a so-called "twilight zone" of finality. 379 U.S. at 152, 85 S.Ct. at 311. For this reason, courts should give the finality requirement a "practical rather than a technical construction," *id.* (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225), and balance the inconvenience and costs of piecemeal review against the potential injustice resulting from delay. *Id.* at 152–53, 85 S.Ct. at 310–11; *In re Jartran,* 886 F.2d at 864. This appeal, however, does not present the type of marginal case falling within the "twilight zone" of finality. *See In re Jartran,* 886 F.2d at 864. None of the disputes or claims between the Bowers and Bowers–Siemon have been resolved one way or the other so as to justify appellate review. *Gillespie* clearly does not extend appellate jurisdiction over the type of order entered by the bankruptcy court in this case.

Likewise, the collateral order doctrine will not supply the basis for appellate review. The collateral order doctrine is applicable only to that "small class" of otherwise non-final orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225. To invoke this narrow exception to the finality rule, three conditions must be satisfied: (1) "the order must conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *see also Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); *In re Lytton's,* 832 F.2d 395, 402 (7th Cir.1987). The bankruptcy court's order does not satisfy at least the third condition. The Bowers cannot demonstrate that an order disposing of the jury trial question would be unreviewable or that its consequences would be irrevers-

ible. *See In re UNR Indus., Inc.*, 725 F.2d 1111, 1118 (7th Cir.1984). This court, moreover, sees no reason why the jury issue may not be effectively considered on appeal from a final determination in the adversary proceeding. The order entered by the bankruptcy court simply does not affect "rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson–Merrell*, 472 U.S. at 431, 105 S.Ct. at 2761. The Bowers argue that they will suffer irreparable harm if this appeal is denied, citing the cost of having to retry the case in the district court if the order is ultimately reversed. But these potential costs are not the type of irreparable injury contemplated by the *Cohen* exception. *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 803 (1st Cir.1985); *see also In re San Juan Star Co.*, 662 F.2d 108, 112 (1st Cir.1981) ("potential burdens of litigation or relitigation cannot alone constitute the requisite [irreparable] harm"). Aside from the burdens of litigation, the Bowers have failed to identify any irreparable harm that may result from a delay in obtaining appellate review. If the order affected the disposition of the estate's assets or the allocation of those assets among creditors, the Bowers could make a stronger argument for an immediate appeal. As stated previously, this order does not effectively divest the Bowers of their rights; it merely allows the litigation to go forward.

The Bowers nonetheless urge this court to hear the appeal even if the bankruptcy order is not final. The order is appealable, if at all, as an interlocutory order. An appeal from an interlocutory order is only permitted with leave of the district court. 28 U.S.C. § 158(a); *In re Jartran*, 886 F.2d at 866. The party appealing an interlocutory order must file a notice of appeal accompanied by a motion for leave to appeal. Fed.R.Bankr.P. 8001(b). Based on the erroneous assumption that the bankruptcy order in this case is final, the Bowers did not file a motion for leave to appeal. The Bowers correctly point out, however, that an appeal is not automatically dismissed if the appellant only files a notice of appeal on the mistaken belief that the order appealed from is final. Fed.R.Bankr.P. 8003(c) (advisory committee note). As long as a timely notice of appeal is filed, the district court may grant leave to appeal under Bankruptcy Rule 8003(c).[2] *In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 573 (E.D.N.Y.1988).

The district court is vested with discretion to hear an interlocutory appeal from the bankruptcy court. *In re Jartran*, 886 F.2d at 866. Unfortunately, neither the Bankruptcy Code nor the Rules provide any guidance for determining the appropriateness of an interlocutory appeal. Courts have thus relied upon the standards of 28 U.S.C. § 1292(b), the statute governing interlocutory appeals from district courts to courts of appeals. *In re Leibinger–Roberts*, 92 B.R. at 573; *In re Huff*, 61 B.R. 678, 682 (N.D.Ill.1986); *In re Bertoli*, 58 B.R. 992, 995 (D.N.J.1986), *aff'd*, 812 F.2d 136 (3d Cir.1987); *In re Johns–Manville Corp.*, 45 B.R. 833, 835 (S.D.N.Y.1984). Section 1292(b) authorizes appellate review of an interlocutory order that "involves a controlling question of law as to which there is substantial ground for difference of opinion"—provided, however, that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[3]

**2.** That rule states as follows:
   **(c) Appeal improperly taken regarded as a motion for leave to appeal**
   If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order. Fed.R.Bankr.P. 8003(c).

**3.** Although the district court makes these findings in the ordinary civil appeal to the court of appeals, there is no analogous requirement that the bankruptcy judge certify an interlocutory appeal to the district court. *In re Jartran*, 886 F.2d at 866.

Considering the Bowers' notice of appeal as a motion for leave to appeal, the court elects not to grant leave to appeal. Without question, there is substantial disagreement among federal courts (at the bankruptcy, district, and appellate levels) as to whether a bankruptcy court may preside over a jury trial. But this difference of opinion does not warrant an interlocutory appeal here, for an appeal will not materially advance the ultimate termination of the litigation. The adversary complaint filed by Bowers–Siemon contains fourteen counts, only three of which feature a jury demand (Counts V–VII). With the involvement of seventeen other named defendants, the potential for piecemeal litigation poses a threat to the expeditious resolution of the adversary proceeding. The court sees no point in severing this portion of the litigation since there is nothing to suggest that the Bowers will be denied meaningful appellate review at the conclusion of the proceeding. In support of their request for an interlocutory appeal, the Bowers again argue that they will incur substantial costs if, after trying the case in bankruptcy court, a new jury trial is ordered on appeal from the final decision. Even if such costs were grounds for certifying an interlocutory appeal, this argument presupposes that the Bowers will lose at trial and win on appeal. Interlocutory appeals should be granted sparingly, and the court prefers not to engage in speculation when evaluating the propriety of an interlocutory appeal.

The court is reluctant to interrupt the litigation over the jury trial issue for another reason: the Seventh Circuit has recently scheduled oral arguments on this very issue. In anticipation of a prompt ruling by the Seventh Circuit, the court shall postpone its consideration of the matter and await a final decision of the bankruptcy court.

## III. CONCLUSION

At this early stage of the adversary proceeding, an appeal on the jury trial question would be premature. The Bowers' appeal is therefore dismissed.

IT IS SO ORDERED.