## In re LIFSCHULTZ FAST FREIGHT CORPORATION, d/b/a Lifschultz Corporation.

### Nos. 91 C 2566, 90 B 21673.

United States District Court,
N.D. Illinois, E.D.

May 20, 1991.

Theodore Cohen, pro se.

Deborah L. Thorne, Stuart Widman, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for creditors.

## ORDER

BUA, District Judge.

Theodore Cohen, a party-in-interest in this bankruptcy case, has filed a motion for leave to appeal a discovery order entered by Bankruptcy Judge Ronald Barliant. The disputed order stems from a petition for fees submitted by Much Shelist Freed Denenberg Ament & Eiger, P.C. ("Much Shelist"), counsel for the creditors. Claiming that the fee petition is excessive, Cohen seeks to obtain the telephone records of Much Shelist. Judge Barliant denied Cohen's discovery request on the ground that it is nothing more than a "fishing expedition". *In re Lifschultz Fast Freight Corp.*, No. 90 B 21673 (Bankr.N.D.Ill. Apr. 8, 1991).

■ Cohen acknowledges that the order entered below is an interlocutory order. In bankruptcy cases, a party may appeal an interlocutory order only if that party obtains leave of the district court. 28 U.S.C. § 158(a); *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir.1989). The district court has discretion in determining whether to allow the appeal. *In re Jartran*, 886 F.2d at 866. Although the Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of such an appeal, this court has previously held that the standard set forth in 28 U.S.C. § 1292(b)—which governs interlocutory appeals from the district court to the court of appeals—is instructive in the bankruptcy context. *In re Bowers–Siemon Chems. Co.*, 123 B.R. 821, 824 (N.D.Ill.1991).

■ Section 1292(b) states that an interlocutory appeal may be taken if the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Under this standard, there is no question that an interlocutory appeal in

this case is unwarranted. The order entered by Judge Barliant addresses a simple discovery matter that does not involve a controlling question of law. It is one of the many routine orders that are entered during the course of a bankruptcy. There is nothing novel about fee petitions or discovery orders rendered in connection with such petitions. Far from materially advancing the ultimate termination of the bankruptcy, an interlocutory appeal would impose undue delay and expense on the bankruptcy estate as well as the litigants.

Cohen will not be denied meaningful appellate review merely because he must await the entry of a final order by the bankruptcy court. He has not demonstrated that the order entered by Judge Barliant will be effectively unreviewable on appeal from a final order. As this court noted in *Bowers–Siemon,* interlocutory appeals should be permitted sparingly. 123 B.R. at 825. This is not the type of unique case that necessitates an immediate appeal.

For the foregoing reasons, Cohen's motion for leave to appeal the order entered by the bankruptcy judge on April 8, 1991 is denied.