**STERLING SUPPLY CORPORATION,**

v.

**Fred MULLINAX, et al.**

**Misc. A. No. 93–0090.**

United States District Court,
E.D. Pennsylvania.

May 10, 1993.

Gary M. Schildhorn, Douglas N. Candeub, Adelman, Lavine, Gold & Levin, Philadelphia, PA, for Sterling Supply Corp.

Roy D. Ruggiero, Frederick J. Baker, Philadelphia, PA, Kenneth S. Goldrich, Paramus, NJ, for Fred Mullinax, R.V. Davies Corp.

---

## MEMORANDUM

CAHN, District Judge.

Fred Mullinax ("Mullinax") has filed a Motion for Leave to Appeal from the bankruptcy court's March 25, 1993 order. *See In Re Sterling Supply Corp.*, 92–13880F (Bankr.E.D.Pa.). Sterling Supply Corporation ("Sterling") has filed a response in opposition to the motion. For the reasons set forth below, the court will deny the motion.

## I. BACKGROUND

Sterling is currently in Chapter 11 proceedings. Mullinax is a former employee of Sterling who now works for R.V. Davies Corporation ("Davies"), one of Sterling's alleged competitors. On June 29, 1992, Sterling filed suit against Mullinax and Davies in bankruptcy court, seeking injunctive relief and compensatory damages. Sterling alleges, *inter alia*, that Mullinax breached a covenant not to compete in his employment contract and that Davies tortiously interfered with Sterling's contractual relationship with Mullinax. On July 6, 1992, the bankruptcy court denied Sterling's request for injunctive relief. The case then proceeded to discovery.

On July 16, 1992, Sterling served a document request on Mullinax, who did not respond. On November 9, 1992, the bankruptcy court granted Sterling's motion to compel production of the documents. On November 12, 1992, counsel for Mullinax sent a letter to Sterling objecting to three specific document requests.[1] Mullinax stated that the requests were overbroad and sought privileged information.[2] On December 1, 1992, Sterling filed a Motion for Sanctions. On March 25, 1993, the bankruptcy court ordered Mullinax to pay $400 in attorney's fees and produce the documents within 10 days. *See* Appendix C of Mullinax's motion. The bankruptcy court held that Mullinax's failure to file timely objections constituted a waiver. Mullinax's subsequent request for a stay of discovery pending appeal was denied on April 8, 1993. Sterling has requested the same documents from Davies. Davies has objected to the requests, but the bankruptcy court has not ruled on the objections.

Mullinax seeks appellate review of the bankruptcy court's holding that he waived his right to object to document requests # 7, # 8 and # 14, which request:

# 7—All documents reflecting or concerning communications from individuals or entities who, to [Mullinax's] knowledge, were or are customers of Sterling.

# 8—Any and all documents reflecting or concerning customers in the laundry or dry cleaning trade presently being serviced or contacted by [Mullinax].

# 14—[Mullinax's] employment agreement with R.V. Davies.

Mullinax also seeks appellate review of the bankruptcy court's order that he pay $400 in sanctions.

## II. APPELLATE JURISDICTION

The court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a). When a party wishes to appeal from an interlocutory order, he must obtain leave of court. *Id.*

---

1. Apparently, Mullinax did not produce any documents at this time.

2. It is unclear from the record whether Mullinax filed a formal motion for a protective order.

Mullinax concedes that the March 25th order is interlocutory, hence this motion.[3]

Section 158(a) provides no meaningful standards by which to assess the appropriateness of an interlocutory appeal. Typically, the courts have relied upon the language of 28 U.S.C. § 1292(b), which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts. *See In Re Lifschultz Fast Freight Corp.*, 127 B.R. 418 (N.D.Ill.1991); *In Re Bowers–Siemon Chemicals Co.*, 123 B.R. 821, 824 (N.D.Ill.1991); *Matter of PHM Credit Corp.*, 99 B.R. 762, 767 (E.D.Mich. 1989).

■■■■ Section 1292(b) confers appellate jurisdiction over non-final orders (1) that involve a controlling question of law (2) about which there is substantial basis for a difference of opinion, (3) the resolution of which will materially advance the ultimate termination of the litigation. *In Re School Asbestos Litigation*, 977 F.2d 764, 777 (3d Cir.1992). This court has held that "[a]n order involves a controlling question of law if, on appeal, a determination that the decision contained error would lead to reversal." *Simon v. Farmland Industries*, 505 F.Supp. 59 (E.D.Pa.1980). Early resolution of controlling questions often narrows the scope of litigation and helps the parties avoid unnecessary litigation expenses. This discovery order does not bear on the merits and would not lead to reversal after final judgment.

Mullinax has also failed to demonstrate that there is a substantial basis for disagreement about the bankruptcy court's waiver analysis. He has not identified any case law which contradicts that cited by the bankruptcy court.[4] Furthermore, an interlocutory appeal would not expedite the litigation since it would not limit the scope of subsequent proceedings. Therefore, this

order does not meet the requirements of § 1292(b).[5]

This does not end the court's inquiry. Although the parties have not discussed the collateral order doctrine, the court is obliged to discuss it because it is a possible basis for appellate jurisdiction. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court held that a small class of otherwise non-final orders, or "collateral orders," are considered final orders for purposes of 28 U.S.C. § 1291 and are therefore immediately appealable. *Id.* at 546, 69 S.Ct. at 1225. The courts have held repeatedly that collateral orders are final orders within the meaning of § 158(a) as well. *Matter of Moody*, 825 F.2d 81, 87 (5th Cir.1987); *In Re Bowers–Siemon*, 123 B.R. at 823; *Matter of PHM*, 99 B.R. at 765; *In Re Sharpe*, 98 B.R. 337, 339 (N.D.Ill.1989); *But see Midland Mutual Life Insurance v. Sellers*, 101 B.R. 921, 928 (S.D.Ohio 1989) (holding that the collateral order doctrine is merely "a useful standard for the determination of whether a district court ought to exercise its discretion to entertain an interlocutory appeal.").

■■■■ The collateral order doctrine is narrowly defined in order to avoid frequent piecemeal appeals. *Communication Workers v. American Telephone and Telegraph Co.*, 932 F.2d 199, 205 (3d Cir.1991). As a general matter, discovery orders are not immediately appealable under the collateral order doctrine. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir.1992); *Corporation Insular de Seguros v. Garcia*, 876 F.2d 254, 256 (1st Cir. 1989). Nevertheless, the appealability of any particular discovery order turns on the specific facts of the case.

■■■■ To fall within this narrow exception, the order must meet three conditions. First, it must conclusively determine the

---

**3.** As discussed, *infra,* Mullinax may have been too quick to concede that the order was not final for purposes of § 158(a).

**4.** This court has held that a failure to answer discovery requests in timely fashion constitutes a waiver of subsequent objections. *See Daumer v. Allstate Insurance Co.,* 1992 WL 277650 at *1, 1992 U.S. Dist. LEXIS 16184 at *2 (E.D.Pa. Octo-

ber 1, 1992); *Usery v. Chef Italia,* 540 F.Supp. 587, 592 n. 13 (E.D.Pa.1982).

**5.** Mullinax has not cited any cases in which a district court entertained an interlocutory appeal from a discovery dispute in the bankruptcy court.

disputed issue. *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. On March 25, 1993, the bankruptcy court held that Mullinax had waived his right to object to the document requests. The order conclusively resolved the dispute because it was not "tentative, informal or incomplete." *Id.* There is no reason to believe that it would have been fruitful for Mullinax to seek reconsideration.

Second, the order must resolve an important issue completely separate from the merits. *Id.* The party seeking to appeal must show that the issue for review is not "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). The defendants' commercial well-being is threatened insofar as the bankruptcy court's order forces Mullinax to divulge the names of Davies' customers.[6] Nevertheless, Sterling needs this information to prove an essential element of its case, namely that damages flowed from Mullinax's alleged breach. Although the discoverability of the customer lists may be intertwined with the merits, the waiver issue is a discrete procedural question completely separable from the merits. Mullinax asks only that this court direct the bankruptcy court to rule on the merits of the objections.[7]

Third, the order must be "effectively unreviewable on appeal from final judgment." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. The party seeking to appeal must demonstrate that there is a *possibility* of irreparable harm resulting from a delay in appellate review. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981); *In Re Continental Investment Corp.*, 637 F.2d 1, 6 (1st Cir.1980). The parties may disagree about whether harm would flow from disclosure of the customer lists, but whatever harm did occur would be irreparable. A confidentiality order or *in camera* review of the documents might have served as suitable compromises, but both options are foreclosed by the bankruptcy court's refusal to address the merits of Mullinax's objections.[8] It would be futile to order Sterling to forget the names that are on the list. Consequently, the bankruptcy court's order will be effectively unreviewable *if* the documents are *produced*.[9]

There is, however, a means of avoiding irreparable harm without resorting to an immediate appeal. Mullinax may choose not to produce the documents and then appeal from the resulting contempt order. In *Firestone*, the Supreme Court held that "in the rare case when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling." 449 U.S. at 377. *See also Coleman*, 979 F.2d at 1138 ("[a] litigant faced with an adverse discovery order may obtain review, however, by violating the order and incurring sanctions or a contempt citation.").

■ Only non-parties are entitled to immediate appellate review of civil contempt citations. *United States v. Sciarra*, 851 F.2d 621, 628 (3d Cir.1988); *DeMasi v. Weiss*, 669 F.2d 114, 122 (3d Cir.1982); *International Business Machines Corp. v. United States*, 493 F.2d 112, 114 (2d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). Mullinax would not be able to challenge the contempt citation until the case was fully liti-

---

6. The court is referring specifically to document requests # 7 and # 8 that ask Mullinax, in effect, to disclose Davies' customer lists. It is not readily apparent why document request # 14 is objectionable.

7. It would be premature for this court to express any opinion on the merits of the objections. If appellate jurisdiction lies, the only matter before this court would be whether Mullinax waived his right to object.

8. Mullinax alleges that Sterling refused to stipulate to a confidentiality order.

9. It is painfully obvious that monetary sanctions can be effectively reviewed on appeal from final judgment. That portion of the order is interlocutory and not appealable.

gated.[10] Nevertheless, Mullinax has a means of avoiding irreparable harm, albeit a distasteful one. Therefore, the bankruptcy court's order is effectively reviewable on appeal from final judgment.

### III. CONCLUSION

Having found that the order does not satisfy the third prong of the *Cohen* test, the court must deny the motion for leave to appeal.[11]

---

**10.** Fed.R.Civ.P. 37(b)(2) provides a full range of discovery sanctions other than contempt. If the bankruptcy court entered a default judgment, then Mullinax would be able to appeal immediately under 28 U.S.C. § 1291.

**11.** It also appears that the wrong party is before the court. Mullinax has acquired the docu-

ments in his capacity as an employee of Davies. Davies is in the best position to argue that the documents are non-discoverable. Presumably, Davies has not appealed because the bankruptcy court has not ruled on its objections to the document requests.