In re WAREHOUSE CLUB, INC., Warehouse Club of Indiana, Inc., Warehouse Club of Michigan, Inc., Warehouse Club of Ohio, Inc., Warehouse Club of Pennsylvania, Inc., Debtors.

Bankruptcy Nos. 95 B 02301, 95 B 02303, 95 B 02306, 95 B 02309 and 95 B 02312.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

July 21, 1995.

Jones, Day, Reavis & Pogue, Chicago, IL, for Committee of Unsecured Creditors.

Schwartz, Cooper, Greenberger & Krauss, Chicago, IL, for Otis Co.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

### 1. Introduction

This is a motion brought by a debtor's former landlord to compel the debtor's payment, in compliance with § 365(d)(3) of the bankruptcy code (11 U.S.C. § 365(d)(3)), of real estate taxes that accrued pre-petition but came due post-petition and pre-rejection of the lease. For the foregoing reasons, the motion is denied.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### 2. Background

On April 1, 1986, Warehouse Club, Inc. ("Debtor") entered into a lease agreement with Otis Company ("Landlord") for property located in Bridgeview, Illinois. The lease required the Debtor to pay, as additional rent, all real estate taxes on the leased property as they came due. On March 1, 1995, $205,204.18 came due for 1994 property taxes.

The Debtor filed for chapter 11 relief on February 3, 1995. On April 27, 1995, this Court denied the Debtor's request for additional time to assume or reject the lease and held the effective date of rejection to be April 30, 1995. The Landlord now seeks to compel the Debtor to pay the 1994 real estate taxes that became due and payable on March 1, 1995. The Debtor and Creditor's Committee object on the grounds that, although the property taxes came due post-petition, the obligation actually arose pre-petition, in 1994.

### 3. Analysis

Section 365(d)(3) requires the trustee to "timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) ..." Therefore, the Debtor, as a debtor in possession must perform all post-petition, pre-rejection obligations. The issue is when did the obligation to pay the 1994 property tax "arise" for purposes of § 365(d)(3). The Court finds that the obligation arose when it accrued, not when the bill came due.

The purpose of § 365(d)(3) is to prevent landlords from becoming involuntary post-petition creditors of the bankruptcy estate. A landlord cannot be required to provide post-petition services without current payments for those services. The payment of pre-petition taxes does not serve that purpose. The taxes were incurred before the petition date and so holding does not increase the landlord's post-petition exposure. The taxes are no different than unpaid pre-petition rent. They are a sunk cost, not a current expense of allowing the debtor to remain in possession. If the debtor had rejected the lease before the bill came due, the landlord would not have less liability. The debtor's continued occupancy did not increase the landlord's burden for last year's taxes or make the landlord an involuntary creditor for those taxes.

318

The language of § 365(d)(3) is consistent with this interpretation. The debtor's obligation to pay the taxes arose prior to the petition, even though it was payable after the petition. Once the taxes accrued, the debtor had a contractual obligation to pay them. That obligation did not originate, or arise, when the bill came, but when the taxes accrued. *Child World, Inc. v. The Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 576 (S.D.N.Y.1993); *contra In re R.H. Macy & Co., Inc.*, 152 B.R. 869 (Bankr.S.D.N.Y.1993), *aff'd* 1994 WL 482948 (S.D.N.Y.1994).

Therefore, the Landlord's motion to compel compliance with § 365(d)(3) is denied.