**In re OBT PARTNERS, an Illinois limited partnership, Debtor.**

**No. 97 C 8622, 96 B 24353.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 5, 1998.

Leroy G. Inskeep, Rudnick & Wolfe, Chicago, IL, for Principal Mutual Life Insurance Company.

Daniel Arlen Zazove, Barbara L. Yong, Micah R. Krohn, Barbakoff, Zazove & Glick, Chicago, IL, for OBT Partners.

### MEMORANDUM OPINION

KOCORAS, District Judge.

This case is before the court on Principal Mutual Life Insurance Company's motion for leave to appeal an interlocutory order entered by Judge Erwin I. Katz of the United States Bankruptcy Court. For the reasons set forth below, the court denies leave to appeal the bankruptcy court's order.

### BACKGROUND

Principal Mutual Life Insurance Company ("Principal") seeks leave to appeal an interlocutory order entered by Bankruptcy Judge Katz, denying Principal's motion for summary judgment and granting the cross-motion for summary judgment filed by the debtor, OBT Partners ("OBT" or the "debtor"). *See In re OBT Partners,* 214 B.R. 863 (Bankr.N.D.Ill.1997). At issue in the motion before the bankruptcy court was whether a creditor's vote to accept the debtor's amended plan of reorganization should be counted

when after the vote, the creditor's debt was paid in full by another creditor, namely Principal. That is, DuPage County, which had a claim for 1996 real estate taxes on the property at issue in the bankruptcy, was the only impaired class to vote in favor of OBT's amended plan of reorganization. Under section 1129(b) of the Bankruptcy Code, a debtor may seek confirmation of a plan of reorganization with only one impaired class voting in favor of the plan. OBT, therefore, sought confirmation of its amended plan based solely on DuPage County's vote in favor of the amended plan. After the deadline set by Judge Katz for voting to accept or reject the amended plan had passed, Principal paid in full OBT's debt to DuPage County.

Principal then filed a motion for summary judgment. Principal asserted in its motion that DuPage County did not qualify as an impaired class that could vote in favor of the amended plan because: (1) DuPage County's claim based on 1996 real estate taxes was not a prepetition claim; (2) DuPage County's claim was an administrative claim that is not entitled to vote under section 1123 of the Bankruptcy Code; and (3) if DuPage County's claim qualified as a prepetition claim, it was unimpaired because Principal paid the claim in full after the voting deadline. OBT filed a cross-motion for summary judgment.

Judge Katz found in favor of OBT on all three arguments presented by Principal. Following the majority of courts, Judge Katz found that taxes accrue on a daily basis from the beginning of each year or the first date of the lease on the property. When a debtor files for bankruptcy, the taxes that have accrued through the bankruptcy filing date are considered prepetition claims. Thus, the 1996 real estate taxes that accrued on OBT's property from January 1, 1996, through the bankruptcy filing date on September 16, 1996, constituted a prepetition claim. Judge Katz also found that DuPage County's claim was impaired because the legal rights of the County were altered. Specifically, prior to the bankruptcy, the taxes owed to DuPage County would have been paid in two installments. The amended plan, however, proposed having the taxes paid in 12 monthly installments. Because the dates for payment

were altered, DuPage County's claim was an impaired claim. In turn, DuPage County could be the consenting class of creditors necessary under section 1129(a)(10).

Finally, the bankruptcy court found that a creditor must qualify as an impaired class by the voting date to be able to vote on the plan. The court explained that as of April 15, 1997, the date set as the deadline for accepting or rejecting the amended plan, DuPage County was an impaired creditor with a right to vote in favor of or against the amended plan. The fact that Principal paid DuPage County's claim after the voting date had no effect because the Bankruptcy Code does not require that a creditor be impaired on the confirmation date. The court stated "if the vote cast by a creditor expressed its will at the time the vote was cast, the vote cannot be later changed." DuPage County's vote in favor of the amended plan was not nullified simply because Principal paid the debt. Accordingly, summary judgment in favor of OBT was granted and Principal filed this motion for leave to appeal the order of the bankruptcy court.

## DISCUSSION

Principal may appeal an interlocutory order of the bankruptcy court only if it obtains leave of the district court. 28 U.S.C. § 158(a). It is within the district court's discretion to decide whether to allow the appeal. *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir.1989). Although the Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of such an appeal, courts in this district have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the court of appeals, to the bankruptcy context. *See e.g., In re Energy Insulation, Inc.*, 143 B.R. 490, 493 (N.D.Ill. 1992) (citing *In re Lifschultz Fast Freight Corp.*, 127 B.R. 418 (N.D.Ill.1991)); *In re Bowers–Siemon Chemicals Co.*, 123 B.R. 821, 824 (N.D.Ill.1991). Section 1292(b) states that an interlocutory appeal may be taken if the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may

materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Under this standard, an interlocutory appeal is not warranted in this case.

 Principal seeks leave to appeal the bankruptcy court's interlocutory order granting summary judgment in favor of OBT and finding that DuPage County qualified as an impaired accepting class when it voted in favor of OBT's amended plan of reorganization. Principal contends that the issue presented to the bankruptcy court involves a controlling issue of law as to which there is substantial basis for difference of opinion because the issue has national significance and has not been settled by the courts. Yet Principal does not provide any cases or other authority in support of its assertion that there is a difference of opinion on the issue of whether a taxing body's vote to accept a plan of reorganization should count when its claim has been paid after the voting deadline by another creditor.

To the contrary, the majority of courts, including courts in this district, have decided that a taxing body has a prepetition claim for those taxes that have accrued before the bankruptcy filing date. *See, In re Handy Andy Home Improvement Centers, Inc.,* 196 B.R. 87 (Bankr.N.D.Ill.1996), *aff'd,* 1997 WL 619824 (N.D.Ill.1997); *In re Warehouse Club, Inc.,* 184 B.R. 316, 317 (Bankr.N.D.Ill.1995). If the taxing body's claim is impaired by virtue of the debtor's plan of reorganization, the taxing body may vote to accept or reject the plan. *Matter of Woodbrook Assocs.,* 19 F.3d 312, 321 (7th Cir.1994) (citations omitted). DuPage County's claim was impaired because the debtor's amended plan of reorganization altered the manner in which DuPage County would be paid. DuPage County's claim remained impaired through the date set by the bankruptcy court as the deadline for accepting or rejecting the amended plan. DuPage County voted to accept the amended plan and its vote cannot be changed simply because Principal paid the debt owed to it.

An appeal of the bankruptcy judge's order will not materially advance the ultimate termination of the litigation because the judge's order only affects one of thirteen requirements necessary for confirmation of the debt-or's amended plan. These requirements are set forth in 11 U.S.C. § 1129. Specifically, the bankruptcy judge's order only affects the tenth requirement, which provides: "If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan ...." 11 U.S.C. § 1129(10). In addition, the debtor has filed a motion to designate the claims purchased by Principal as excluded from plan balloting. That motion is currently pending in the bankruptcy court. If the debtor prevails on the motion to designate, another class will constitute a second impairing class that can vote to accept the plan. In essence, it appears that many issues remain to be resolved and the resolution of the issue concerning DuPage County's ability to vote will not materially advance the litigation. Accordingly, we deny the motion for leave to appeal.

**CONCLUSION**

For the reasons set forth above, the court denies Principal's motion for leave to appeal the interlocutory order of the bankruptcy court.