**In re GC COMPANIES, INC., et al., Debtors.**

**Nos. 00–3897 through 00–3927.**

United States Bankruptcy Court, D. Delaware.

April 23, 2001.

David M. Fournier, Aaron A. Garber, Pepper Hamilton, LLP, Wilmington, DE, Daniel M. Glosband, P.C., Colleen A. Murphy, Philip M. Coppinger, Goodwin Proctor & Hoar, LLP, Boston, MA, for debtor.

Kevin Gross, Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, DE, John A. Gleason, David M. Neumann, J. Allen Jones, Benesch Friedlander Coplan & Aranoff, LLP, Cleveland, OH, for Westwood Town Center, LLC and Ridge Park Square, LLC.

Laura Davis Jones, Bruce Grohsgal, Christopher J. Lhulier, Pachulski Stang Ziehl Young & Jones, Wilmington, DE, Marc A. Beilinson, Jeremy V. Richards, Malhar S. Pagay, Pachulski Stang Ziehl Young & Jones, Los Angeles, CA, for the Official Committee of Unsecured Creditors.

Maria Giannarakis, Office of the United States Trustee, Philadelphia, PA.

### OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Westwood Town Center, LLC and Ridge Park Square, LLC (collectively "the Landlords") for an Order Compelling the Payment by Debtor in Possession of Real Property Taxes under Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(3) and the Objection thereto by GC Companies, Inc. ("the Debtor"). For the reasons set forth below, we deny the Motion.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

## I. FACTUAL BACKGROUND

Prior to filing its chapter 11 petition on October 11, 2000, the Debtor had entered into a Lease with each of the Landlords for premises located in regional retail shopping centers in Ohio (collectively "the Leases"). Those Leases require, *inter alia*, that the Landlords pay the real estate taxes assessed on the leased premises, subject to the Debtor's obligation to reimburse the Landlords for those taxes. (*See* Leases at Article XIII, Leases at Article XIII, section 3.) The Leases provide that the Debtor's obligation to reimburse the Landlords does not arise until the Landlords have billed the Debtor, and the Landlords may not bill the Debtor until thirty days before the last day that the taxes can be paid without penalty. (*Id.*)

Subsequent to the chapter 11 filing, the Landlords billed the Debtor on January 3, 2001, for real estate taxes for the first half of 2000. Pursuant to Ohio law, the real estate taxes were last due, without penalty, on January 23, 2001. The Debtor failed to pay the real estate tax bill, asserting it was for pre-petition taxes. As a result, the Landlords filed the instant Motion to compel payment of the taxes. A hearing was held on March 16, 2001, at which we heard oral argument. At the conclusion, we directed the parties to submit, under certification of counsel, true copies of the Leases.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O).

## III. DISCUSSION

The Landlords assert that the Debtor is obligated to pay the real estate taxes pursuant to section 365(d)(3) which provides, in part:

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b) of this title.

11 U.S.C. § 365(d)(3).

The Landlords assert that the obligation to pay the real estate taxes first came due when they billed the Debtor on January 3, 2001, which is after the petition date. Therefore, they assert that the real estate taxes are a current obligation under the Leases and the Debtor is obligated to pay them pursuant to the express language of section 365(d)(3). Further, the Landlords assert that they could not have billed the Debtor for the taxes pre-petition, since under the terms of the Leases, they could not bill them until December 24, 2000, which is thirty days before the last date for payment. This too was after the Debtor's petition was filed. Therefore, the Landlords assert they are entitled to prompt payment.

The Debtor asserts that, in determining whether the obligations are pre-petition or post-petition, the relevant date is not the billing date but the date that the taxes accrue. Since the taxes in question accrued pre-petition (they are for the first six months of 2000), the Debtor asserts they are pre-petition obligations, which the Debtor is not obligated to pay under section 365(d)(3).

There is a split of authority on this question. The majority of courts adopt the "accrual" method and hold that a debtor is obligated to pay only those real estate taxes which accrue post-petition, regardless of when they were billed. *See, e.g., National Terminals Corp. v. Handy Andy Home Improvement Ctrs., Inc.,* 144 F.3d

1125, 1128 (7th Cir.1998); *Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.)*, 175 B.R. 769, 772–73 (S.D.Fla.1994); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 576–77 (S.D.N.Y.1993); *Newman v. McCrory Corp. (In re McCrory Corp.)*, 210 B.R. 934, 939–40 (S.D.N.Y.1997); *Santa Ana Best Plaza, Ltd. v. Best Products Co., Inc. (In re Best Products Co., Inc.)*, 206 B.R. 404, 407 (Bankr.E.D.Va.1997); *In re Victory Mkts., Inc.*, 196 B.R. 6, 10 (Bankr. N.D.N.Y.1996); *In re Warehouse Club, Inc.*, 184 B.R. 316, 318 (Bankr.N.D.Ill. 1995); *In re All For A Dollar, Inc.*, 174 B.R. 358, 361–62 (Bankr.D.Mass.1994); *In re Almac's, Inc.*, 167 B.R. 4, 8 (Bankr. D.R.I.1994).

The courts which have adopted the minority "billing" view hold that a debtor is obligated to pay any real estate taxes which are billed post-petition (regardless of which period of time they refer to or when they accrued). *See, e.g., In re Koenig Sporting Goods, Inc.*, 229 B.R. 388, 394 (6th Cir. BAP 1999); *In re DeCicco of Montvale, Inc.*, 239 B.R. 475, 480 (Bankr. D.N.J.1999); *In re F & M Distribs., Inc.*, 197 B.R. 829, 832–33 (Bankr.E.D.Mich. 1995); *In re Krystal Co.*, 194 B.R. 161, 163–64 (Bankr.E.D.Tenn.1996); *In re R.H. Macy & Co.*, 152 B.R. 869, 872–73 (Bankr. S.D.N.Y.1993); *Inland's Monthly Income Fund, L.P. v. Duckwall–ALCO Stores, Inc. (In re Duckwall–ALCO Stores, Inc.)*, 150 B.R. 965, 974–75 (D.Kan.1993); *In re Appletree Mkts., Inc.*, 139 B.R. 417, 420–21 (Bankr.S.D.Tex.1992). The minority courts so conclude because they find nothing ambiguous about the language of the statute and the statute requires payment in full of all obligations that come due postpetition, regardless of when those charges accrued. *DeCicco*, 239 B.R. at 479–80.

The courts in this District have adopted the majority view and apply the accrual method to determine a debtor's obligation to pay real estate taxes under section 365(d)(3). *See, e.g., In re Montgomery Ward Holding Corp.*, 242 B.R. 142, 146 (D.Del.1999) and cases cited therein. In following the majority, the Court in *Montgomery Ward* adopted the reasoning of the Seventh Circuit in *Handy Andy* which concluded that the minority "billing" method "would make the rights of creditors turn on the happenstance of the dating of tax bills and the strategic moves of landlords and tenants." 242 B.R. at 146 (*quoting Handy Andy*, 144 F.3d at 1128). In instances where taxes are paid in advance, for example, the billing method could result in the landlord being unpaid for postpetition services if the debtor filed immediately after the bill is received; this result is one Congress clearly did not intend by the 1984 amendments. *Id.*

We agree with the reasoning of the majority. Prior to the 1984 amendment of section 365, rent was treated as an administrative claim under section 503(b), which allowed debtors to wait until confirmation of a plan of reorganization to pay any administrative claim for rent. The courts also held that any claim for rent must be prorated between pre-petition and postpetition periods.

The legislative history suggests the amendment was to assure that landlords received "current payment" for "current services," that is, to assure that landlords did not have to wait until confirmation to be paid. *Child World*, 161 B.R. at 575–76 (*citing* H.R.Conf.Rep. No. 882, 98th Cong., reprinted in 1984 U.S.Code Cong. & Admin.News 576). There is "[n]othing in the legislative history [to suggest] that Congress intended to overturn the longstanding practice under § 503(b)(1) of prorating debtor-tenants' [obligations] to cover only

the post-petition, pre-rejection period, regardless of billing date." *Id.*

■ Consequently, to determine whether an obligation is pre-petition or post-petition, the Court must examine the nature of the obligation and when it arose. In making that determination, the Court is not bound by the date on the bill. To hold otherwise would be to advance form over substance. Thus, we conclude that the accrual method is more consistent with the statutory scheme of section 365.

■ The Landlords assert, however, that the Court in *Montgomery Ward* qualified its decision by suggesting that the parties could modify the result by the language in the lease. In *Montgomery Ward,* the Court stated that, since pre-Code practice was to prorate taxes and the legislative history to the section does not suggest that policy was changed, "it is reasonable to assume that the parties to a lease agree to the proration of real estate taxes, unless the lease contains a clear statement to the contrary." 242 B.R. at 146–47. The Court found no such intent expressed in the lease before it; in fact, the Court concluded that the parties expected proration to occur because the lease expressly provided for proration of the real estate taxes in the first and last years of the lease. *Id.* at 147.

In this case, the Landlords assert that the Leases in question contain a clear statement that the parties did not intend to prorate taxes, by providing that the Debtor was obligated to pay the taxes in full upon presentation of a bill by the Landlords. However, we find a contrary intention expressed in the Leases. In Article XIII, section 3, the last sentence provides: "As to any tax bill which covers a period of time only a portion of which is included in the term of this lease, an appropriate proration shall be made to reflect the portion of the tax period included

in said term." This provision is similar to the one which the Court in *Montgomery Ward* found expressed the expectation of the parties that the real estate taxes would be prorated. 242 B.R. at 147. Thus, we conclude that the proration of the real estate taxes between the pre-petition and post-petition periods is not contrary to the intention of the parties expressed in the Leases.

The Landlords further assert that even the majority courts which use the accrual method rely on a determination that the tax debt accrued on a daily basis. The Landlords assert that in this case, in contrast to those cases, the real estate taxes do not accrue on a daily basis. Rather, they assert the Ohio statute provides that the real estate taxes are assessed on the first day of each year and are due before the last day of the year (unless the county allows payment in installments). In this case, the county has allowed payment in two semi-annual installments. The first installment (which is the claim at issue here) represents taxes due for the first half of 2000 and was due to be paid on January 23, 2001. Thus, the Landlords assert that the real estate taxes do not accrue on a daily basis and the accrual method should not apply.

However, the Landlords' assertion does not support their case. If the Landlords are correct and the taxes accrued in full on the day they were assessed (January 1, 2000), they clearly accrued pre-petition. Thus, under the authority in this District, the taxes are pre-petition claims.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the claims of the Landlords for payment of real estate taxes are pre-petition claims and need not be paid by the Debtor

at this time pursuant to section 365(d)(3) of the Code.

An appropriate Order is attached.

### ORDER

AND NOW, this **23RD** day of **APRIL, 2001,** upon consideration of the Motion of Westwood Town Center, LLC and Ridge Park Square, LLC (collectively "the Land-lords") for an Order Compelling the Payment by Debtor in Possession of Real Property Taxes under Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(3) and the Objection thereto by GC Companies, Inc., it is hereby

**ORDERED** that the Motion is **DENIED.**